**Petition for Writ of Mandamus** to Vacate the Decision of EEOC U.S. Equal Opportunity Commission issued by Omayra Padilla on September 2, 2015, for denial of due process and equal protection of law. Complainant's Fourteenth Amendment Constitutional Right to Due Process and Equal Protection were denied to him based upon previous complainants and charges issued to the Regional Attorney for EEOC Lynette Barnes. Mrs. Padilla subsequently, denied petitioner his Fifth and Fourteenth Amendment Constitutional right to procedural & substantive due process and equal protection of law. Petitioner seeks Writ of Mandamus to be issued by this court.

FILED
CHARLOTTE, NC

SEP  8 2015

U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

**United States Courthouse
Charles R. Jonas Federal Building
401 West Trade Street, Room 210
Charlotte, NC  28202**

| | |
|---|---|
| *In re* | * |
| EDWARD EAVES | * |
| Complainant | * |
| | 3:15 cv 415 (MoC) |
| VERSUS | * |
| | * |
| | * |
| United States Equal Employment | * |
| | * |
| Respondent | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*　\*

PETITION FOR WRIT OF MANDAMUS

Petitioner, Edward Eaves, complainant in EEOC charge 430-2015-01107 hereby applies, pursuant to the provisions of section 1361, Title 28 U.S.C of the Federal Rules of Procedure, for a writ of mandamus to be issued by this court directing the Equal Opportunity Commission to vacate their decision of September 2, 2015, denying complainants due process and equal protection of law and in violation of **42 U.S.C.S. §2000e-5(b).**

### Statement of Facts and Order Challenged

Petitioner was complainant in charge 430-2015-01107 filed with the EEOC on March 30, 2015. Petitioner alleged Retaliation under Title VII of the Civil Rights Act of 1964, (Title VII) 42 U.S.C. section 2000e. ..... The charge further alleged that this action was based on the fact that

Petitioner filed a Discrimination Complaint January 2, 2015, and thereafter, six additional charges. (Pursuant to those aforementioned additional charges), Eaves was denied a fair and impartial investigation resulting from Eaves complaints to the U.S. Department of Justice and the Regional Lawyer for EEOC against Padilla and her supervisor). The respondent and Eaves were required to attend a Fact Finding Conference on April 23, 2015. Prior to the fact finding conference, Eaves submitted charges against the supervisor for EEOC for denial to file an amended charge with EEOC. Eaves filed these charges with the U.S. Department of Justice and regional Lawyer Lynette Barnes. Eaves was notified by letter from EEOC (a notice of fact finding conference that a second chair EEOC employee would be present during the conference). Padilla, investigator, Eaves, and Respondents two lawyers along with their VP of HR were the only parties present. Padilla was NOT PREPARED; DISORGANIZED; and out- numbered with legal experience. Respondent, basically took the proceedings as a joke and actually laughed at the inept procedure of EEOC. At best the conference was futile. Padilla was provided several pieces of evidence to show respondent fired Eaves in retaliation. However, Padilla was unprepared and at times did not have documents in her possession which were previously submitted to her. One issue which was very profound was the employee handbook. Padilla asked for a copy of that handbook when Eaves provided EEOC with a copy in January 2015 upon his first charge. The fact finding conference was at an impasse. Eaves immediately filed a complaint against the EEOC employee (s) and its supervisors with Mrs. Barnes Regional lawyer. Eaves received a response from the Director Rueben Daniels Jr. and Deputy Director Thomas M. Colclough not to contact Mrs. Barnes.

## Statement of Issues

Mrs. Omayra Padilla investigator for EEOC was emailed complainants demand for settlement on August 25, 2015. August 26, 2015, Padilla responded to complainant requesting a few days to reach out to respondent. Eaves thereafter, emailed Padilla and her supervisor Mr. Colclough two additional times seeking more information about the conciliation process and what the process would be and how long it would be in regard to i.e. letters, phone calls, and/or verbal communication among Eaves with respondent and if Eaves and Respondent would engage in negations to settle. At no time whatsoever, neither Padilla nor her supervisor responded to Eaves inquiry. At no time during the SEVEN day alleged conciliation process EEOC did not advise, consult, inform, communicate, or respond to Eaves.   September 2, 2015, exactly SEVEN days after conciliation allegedly begun, Eaves received a letter of conciliation failure and his right to sue.

## Abuse of Discretion

**Padilla and the commission have refused Eaves conciliation and have abused their discretion based upon Eaves filing formal complaints against the agency. July 29, 2015, Eaves summarily received six out of his seven charges from the agency citing UNABLE TO CONCLUDE a violation occurred when Eaves provided the investigator with evidence on the contrary. Eaves filed a complaint with Regional Lawyer Lynette Barnes and informed**

her that he was going to appeal the decision of the investigator with the EEOC regional office Washington DC).

July 30, 2015, Eaves met with District Director Thomas Colclough at the EEOC office located in Charlotte NC. Eaves was assured by Mr. Colclough that he would investigate the matter and Eaves was assured that his final charge, (430201501107) filed March 30, 2015, would be properly investigated. Colclough requested from Eaves a couple of days to investigate the issues before filing his appeal.

Days later Eaves was notified by Colclough and informed the decision pertaining to charge 430201501107 would be mailed out in a couple of days. A week later Eaves contacted Colclough and informed him that Eaves had not received his charge. The next day Colclough notified Eaves and stated it was mailed out (however, Eaves did not receive it) and a copy would be emailed PDF to Eaves.

## Congressional Law under Title VII

Before filing a Title VII action, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC. See: *Green v. Elixier Industry, Inc.*, 152 F. App'x 838, 840 (11th Cir. 2005). (Citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). The purpose of this exhaustion requirement is that the EEOC should have the "first opportunity" to investigate the alleged discriminatory PRACTICES to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts, *Evans v. U.S. Pipe & Foundry Co*, 696 F. 2d 925, 929, (11th Cir. 1983) see: Wu, v. Thomas, 863 F. 2d 1543, 1548 (11th Cir. 1989). **The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC, *Cheek v. W. & S Life Ins. Co.* 31 F. 3d. 497, 500 (7th Cir. 1994).**

Title VII prohibits an employer from retaliating against an employee "because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this sub chapter, (42 U.S.C. statute 2000e-3(a). A plaintiff must show three things to establish a prima facie case of retaliation: (1) he engaged in a statutorily protected expression; (2) that he suffered an adverse employment action; and (3) that there is a casual link between the protected expression and the adverse action." *Sullivan v. Nat'l R.R. Passenger, Corp*, 170 F. 3d 1056, 1059 (11th Cir. 1999). A close temporal proximity between the protected expression an an adverse action is sufficient circumstantial evidence of a causal connection for purposes of a prima facie case, *Higdon v. Jackson*, 393 F. 3d 1211, 1220, (11th Cir. 2004)

Failing to provide a work environment free of racial harassment is a form of discrimination under Title VII. Liability can result from the conduct of a supervisor, coworkers, or non-employees such as customers or business partners over whom the employer has control. A hostile environment can be comprised of various types of conduct. While there is not an exhaustive list, examples include offensive jokes, slurs, epithets or name calling, physical assaults or threats, intimidation, ridicule or mockery, insults or put-downs, offensive objects or pictures, and interference with work

performance. The conduct need not be explicitly racial in nature to violate Title VII's prohibition against race discrimination, but race must be a reason that the work environment is hostile. To determine if a work environment is hostile, all of the circumstances should be considered. Incidents of racial harassment directed at other employees in addition to the charging party are relevant to a showing of hostile work environment.

## Title VII EVIDENCE

A plaintiff can prove a claim of intentional discrimination through direct evidence, circumstantial evidence, or statistical proof, *Rioux c. City of Atlanta*, *Ga* 520 F 3rd. 1269, 1274, (11th Cir 2008).

Direct evidence is evidence which, if believed, proves the existence of a fact without inference or presumption, *Scott v. Sun coast Beverage Sales*, Ltd, 295 F.3d 1223, 1227, (11th Cir. 2002). To constitute direct evidence, a statement must (1) be made by a decision maker; (2) specifically relate to the challenged employment decision; (3) reveal blatant discriminatory animus. *Chambers v. Walt Disney World* Co, 132 F Supp. 2d 1356, 1364 (MD Fla 2001).

A plaintiff may show pretext either directly, by persuading the court that a discriminatory or retaliatory reason more likely than not motivated the employer, or indirectly by showing that the proffered reasons are unworthy of credence, *Jackson v. State of Ala.* Tenure Common, 405 F 3rd 1276, 1289, (11th Cir. 2005). This can be done if a plaintiff demonstrates such weaknesses, implausibility's, inconsistencies, incoherencies, or contradictions in the proffered reason so that a reasonable factfinder could conclude that it is unworthy of credit.

The Supreme court has defined an adverse employment action as follows: A tangible employment action constitutes a SIGNIFICANT change in employment status, such as hiring firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in **benefits,** *Burlington Indus, Inc. v. Ellerth,* 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L.Ed. 2d. 633 (1998).

Petitioner has undergone a continuing denial of due process and equal protection of law. Petitioner has been denied the most basic fundamental right to equality and due process because he's **pro-se**. Petitioner has been denied this right because he's not a lawyer. The EEOC was aware of several violations at the **inception** of petitioner's case involving Padilla and her supervisor. *Because petitioner his pro-se those allegations which were continuously brought to EEOC attention were respectfully,* overlooked. Evidence of wrongdoing by EEOC and misconduct is riddled within the EEOC file.

## Statement of Relief Sought

Petitioner, Edward Eaves, respectfully moves this court, pursuant to the provisions of 28 U.S.C. section 1361, to grant a writ of mandamus directing the EEOC to vacate their decision of

September 2, 2015, on grounds that the petitioner was denied two basic fundamental rights of the 14th amendment U.S. constitution; substantive and procedural Due Process and Equal Protection of law.

### Reason Why Writ Should Issue

The writ should issue because Petitioner's rights under the Due Process Clause of the 14th amendment were severely abridged. **Had the EEOC'S strong appearance of equal rights and fair and impartial investigations been addressed the outcome of the process would have been different.** Thus, Petitioner complained during the process. Had the EEOC Court acted on the Respondent's willful concealment OF EVIDENCE DURING THE FACT FINDING CONFERENCE and considered Eaves prior complaints it might have been more inclined to examine those strongly disputed material facts raised by petitioner. The EEOC has indisputably denied petitioner his constitutional rights because of his status pro-se. It is the judge's obligation to disclose all possibly disqualifying facts for a "summary judgment." Worse yet, petitioner presented those facts prior to the court's issuance of a summary judgment.

A reasonable person *would* question these facts wherein, an investigator has committed the most egregious acts in performance of her duties and these issues were exposed at the inception. Yet, because it was a pro-se complainant those facts were **ignored.** It wasn't until Eaves NOTIFED Barnes and informed her that he was going to file an appeal that his final charge was properly or otherwise looked into.

### Supreme Court LAW

The Supreme Court unanimously held that a lower court may review whether the EEOC satisfied its statutory obligation to attempt conciliation before filing suit. The Court held that the EEOC's two letters, which indicated only that the process would start soon, and later that the process was finished, did not prove that the EEOC actually tried to conciliate. The EEOC's "bookend" letters were insufficient to actually verify the EEOC's attempt to conciliate

Further, the law provides specified methods pertaining to what the "endeavor" must entail: conference, conciliation, and persuasion. *See* §2000e–5(b). These methods "necessarily involve communication between parties, including the exchange of information and views." Thus, Title VII has provided courts with a manageable standard to review the EEOC's efforts: In order for the EEOC to meet its statutory duty, it must at least (1) tell the employer about the claim (i.e. which practice has harmed which person or class), and (2) provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance with Title VII.

**The Court held that the EEOC's two letters, which indicated only that the process would start soon, and later that the process was finished, did not prove that the EEOC actually tried to conciliate.** The EEOC's "bookend" letters were insufficient to actually verify the EEOC's attempt to conciliate. Though the EEOC may establish it satisfied its statutory obligation to conciliate through a sworn affidavit from the EEOC, if an employer provides credible evidence (in the form of an affidavit or otherwise) to the opposite, then the court must conduct the fact-finding necessary to decide that limited dispute. If, upon judicial review, a court finds that the

EEOC failed to attempt to conciliate, then it must order the EEOC to undertake the mandated efforts to obtain the employer's voluntary compliance with the law.

Title VII sets out a detailed, multi-step process through which the (EEOC) is empowered to enforce Title VII's discrimination prohibitions. After investigating charges, if the EEOC finds reasonable cause that a violation occurred, the statute requires the EEOC to "conciliate." In other words, before filing suit, the EEOC must try to obtain voluntary compliance to resolve the claim. Like other settlement conferences, Title VII prohibits anything said or done during conciliation from being used as evidence in a subsequent proceeding, absent written evidence of the parties concerned. *See* §2000e–5(b).

The Supreme Court unanimously held that a lower court may review whether the EEOC satisfied its statutory obligation to attempt conciliation before filing suit, although the scope of that review is narrow. Though Title VII afforded to the EEOC wide latitude over the conciliation process, the Court explained, not *everything* was left to the EEOC. For example, Title VII offers at least some standard of review, in that the EEOC must "endeavor" to some extent to conciliate a claim; a lawsuit filed without any attempt to conciliate would fail to satisfy one of the law's necessary conditions of litigation. Further, the law provides specified methods pertaining to what the "endeavor" must entail: conference, conciliation, and persuasion. *See* §2000e–5(b). These methods "necessarily involve communication between parties, including the exchange of information and views." Thus, Title VII has provided courts with a manageable standard to review the EEOC's efforts: In order for the EEOC to meet its statutory duty, it must at least (1) tell the employer about the claim (i.e. which practice has harmed which person or class), and (2) provide the employer with an opportunity to discuss the matter in an effort to achieve voluntary compliance with Title VII.

Federal appellate courts have reached varying conclusions about what this means. In evaluating whether the EEOC has met its duty, the Fifth and Eleventh Circuits state "the fundamental question is the reasonableness and responsiveness of the EEOC's conduct under all the circumstances." (Id. at 1259; citing *EEOC v. Klinger Elec. Corp.* (5th Cir. 1981) 636 F. 2d 104) This is interpreted to give the court authority to look into the EEOC's actions during its investigation and conciliation process. *Mach Mining, LLC, v. EEOC*, 575 U.S. (2015).

*The EEOC has a statutory duty to attempt conciliation before filing a formal complaint. 42 U.S.C.S. §2000e-5(b). This process allows for the employer and the EEOC to negotiate how the employer might alter its practices to comply with the law, as well as what remedies will be provided to aggrieved individuals.* Courts have a difference of opinion on what is required by the EEOC to meet its statutory duty in the conciliation process. Some Circuits will stay proceedings until the conciliation process is completed and often given great deference to the EEOC in meeting its obligation. Federal case law provides the EEOC fulfills its duty to conciliate before initiating litigation if it (1) outlines to the employer the reasonable cause for its belief that the employer is in violation of [the law], (2) offers an opportunity for voluntary compliance, and (3) responds in a reasonable and flexible manner to the reasonable attitude of the employer. (*EEOC v. Asplundh* (11th Cir. 2003) 340 F. 3d 1256, 1259)

**In conclusion,**  the writ must issue because petitioner has been denied justice and there is no longer a faith in the integrity of fairness and justice in the requirement of EEOC to investigate charges of discrimination. Petitioner has no other alternative but, to seek Justice from an impartial panel which will not deny a complainant JUSTICE based upon his status Pro-Se. Civil Rights seemingly, is neither respected nor considered as a current law under this type of denial of

justice. Evidence, not allegations, but evidence shows the willful conduct of the EEOC. **Before filing a** Title VII action, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC. See: _Green v. Elixier Industry, Inc._, 152 F. App'x 838, 840 (11th Cir. 2005). (Citing _Sanchez v. Standard Brands, Inc._, 431 F.2d 455 (5th Cir. 1970). The purpose of this exhaustion requirement is that the EEOC should have the "first opportunity" to investigate the alleged discriminatory PRACTICES to permit it to perform its role in obtaining voluntary compliance and **promoting conciliation efforts,** _Evans v. U.S. Pipe & Foundry Co_, 696 F. 2d 925, 929, (11th Cir. 1983) see: Wu, v. Thomas, 863 F. 2d 1543, 1548 (11th Cir. 1989). **The purpose of the** filing **requirement** **is to insure that the settlement of grievances be first attempted through the office of the EEOC,** _Cheek v. W. & S Life Ins. Co._ **31 F. 3d. 497, 500 (7th Cir. 1994).**

WHEREFORE, petitioner, Edward Eaves, respectfully prays that a writ of mandamus be issued by this court directed to EEOC directing EEOC to vacate their decision of September 2, 2015.

**Petitioner respectfully demands a hearing on this matter.**

Edward Eaves, Petitioner

## List of Attached Exhibits

1. EEOC CHARGES AND RIGHT TO SUE LETTERS & CORRESPONDENCE.

2. EEOC DETERMINATION 430201501107

3. Emails to and from EEOC District Director

## Certificate of Petitioner

The undersigned declares under penalty of perjury that, to the best of his knowledge, the statements in the above petition are true.

**Edward Eaves**
**1767 West BLVD # R4**
**Charlotte, NC 28208**

## Certificate of Interested Parties

The undersigned certifies that the following listed persons have an interest in the outcome of this petition.

LYNETTE BARNES
129 West Trade Street
Suite 400
Charlotte, North Carolina
28202

## **Certificate of Service**

I certify that a copy of the above and forgoing has this day 8th day of September, 2015, has been forwarded to LYNETTE BARNES and email by U.S. Mail to 129 West Trade Street Suite 400 Charlotte, NC 28202

Edward - EAVes JR.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**

129 West Trade Street, Suite 400
Charlotte, NC 28202
(704) 344-6682
TTY (704) 344-6684
FAX (704) 344-6734 & 6731

Charge No. 430-2015-01107

Edward Eaves
1767 W. Blvd. #4
Charlotte, NC 28208

Charging Party

Hersha Hospitality Management

Amy Holbrook, Esq.
4130 Parklake Ave, Suite 130
Raleigh, NC 27612

Respondent

## DETERMINATION

I issue the following determination on the merits of this charge.

Hersha Hospitality Management (*hereafter* "Respondent") is an employer within the meaning of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C, 2000e, *et seg.*, Timeliness, deferral, and all other requirements for coverage have been met.

Charging Party believes that he was discharged in retaliation in violation of the Title VII of the Civil Rights Act of 1964, as amended.

Respondent denies Charging Party's allegations and contends that Charging Party was discharged for reasons other than retaliation.

Examination of the evidence obtained by the Commission during the investigation supports Charging Party's allegations of retaliatory discharge and does not support Respondent's defense.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter. The confidentiality provisions of Sections 706 and 709 of Title VII and the Commissions Regulations apply to information obtained during conciliation.

If the Respondent declines to discuss settlement or when, for any reason, a settlement acceptable to the Office Director is not obtained, the Director will inform the parties and advise them of the

**Subject:** Fw: Phone Call

**From:** Edward Eaves (edward_eaves@yahoo.com)

**To:** katy.saris@hhmlp.com; robert.scheiner@hhmlp.com; lynette.barnes@eeoc.gov;

**Date:** Wednesday, March 11, 2015 3:43 PM

Sent from Yahoo Mail on Android

*Exhibit # 4*
*Proof of Retaliation*
*and Gender discrimination.*

From:"Weber, Joann" <joann.weber@hhmlp.com>
Date:Wed, Mar 11, 2015 at 11:08 am
Subject:Phone Call

Eddie,

I just listened to your voice mail and also participated in the decision to suspend you pending investigation for a threat of workplace violence reported by one of your coworkers.  However, the alleged incident did not occur this past weekend.  We will reach out to you soon to interview you regarding the allegation.  If we find the allegation not to be credible, we will of course return you to work with pay for any shifts missed.

In the mean time, please do not enter the hotel or interfere with our investigation.

We will expedite the investigation and be back to you shortly.

Regards,

Joann

--
Joann Weber
VP People Support
o. 215.717.2744
m.860.235.1527
hhmhospitality.com
510 Walnut Street
Philadelphia | Pa | 19106



# Performance Improvement Notice

For policy violations, attendance and minor performance issues. To clarify broader performance expectations and timelines, use the Performance Improvement Plan document.

| | | | |
|---|---|---|---|
| **Associate Name:** Edward Eaves | | **Property:** Hyatt House Charlotte | |
| **Job Title:** Driver | | **Department.** Rooms Front Office | |
| **Supervisor Name:** Samantha | | **Date:** 3/26/15 | |
| **General Manger Name:** Joseph Smiley | | **Date of Hire:** 6/20/2014 | |
| **Reason for PIN:** | __ Technical Skills: inability or failure to perform to required job standards. | _X_ Behavioral: behavior inappropriate for the workplace or inconsistent with guest service standards. | __Attendance/Tardiness/Time Keeping: also includes pattern absences, failure to use time clock, not taking breaks, improper call outs. |

| | | | |
|---|---|---|---|
| ___ Counseling Session | ___Written Warning | ___Final Written Warning | _X_ End of Employment |
| **Date(s) of Infraction(s)** | **HHM Handbook Policy Violated:** Workplace Violence **Standard of Conduct #:** 7. Supplying false or misleading information when applying for employment or at any time while employed. **8.** Dishonesty | | |

**Describe performance or behavioral issue(s).** An associate reported that you made threats of physical harm toward your direct supervisor. While investigating that threat, HHM learned that you falsified your employment application and did not disclose a felony conviction for battery. HHM has found the threat to be credible and in violation of its Workplace Violence Policy. That violation, coupled with the discovered dishonesty, is grounds for ending your employment relationship.

**Clearly define expectations going forward.** *(Examples: Complete assignment by X date, one-on-one retraining with X, review front desk cash handling procedure and have supervisor certify competency, retain on brand room cleaning standards.)*

N/A

**Associate's Comments:**

_____
_____
_____
_____

Correction or improvement of performance problem does not modify employment at-will status. Employment with HHM continues to be at-will, which means the employment relationship may be terminated at anytime for any lawful reason, with or without notice, by either party. No statement or sentence contained herein alters the at-will status of employment with Hersha. Further performance issues may lead to the end of your employment relationship with HHM.

| General Manager Signature | Associate Signature | Date |
|---|---|---|
| *[signature]* 3/26/15 | | |

2015 MAR 27 PM 12: 22
RECEIVED
US EEOC
CHAR DIST OFC

___ Check if Associate refuses to sign. Refusal witnessed by: _____

Form Revised 5/2014

NORTH CAROLINA DEPARTMENT OF COMMERCE
DIVISION OF EMPLOYMENT SECURITY
ADJUDICATION UNIT
P.O. BOX 25903, RALEIGH, NC  27611

S.S. NO. XXX-XX-5640

DOCKET NO.  291037
DETERMINATION BY ADJUDICATOR

CLAIMANT:                              EMPLOYER:
EDWARD E EAVES                         HERSHA HOSPITALITY MGMT LP
1767 WEST BLVD                         CORPORATE COST CONTROL
UNIT R-4                               PO BOX 1180
CHARLOTTE NC 28208-7903               LONDONDERRY NH 03053-1180

DETERMINATION:

The claimant is not disqualified for benefits.

REASONS:

The claimant last worked for HERSHA HOSPITALITY MGMT LP on March 26, 2015. The
claimant filed a claim effective March 22, 2015 which has been continued through
April 04, 2015.

The claimant was separated from this job for allegedly communicating a threat.
The employer failed to provide sufficient separation details or supporting
documentation to establish misconduct on the claimant's part.

CONCLUSIONS:

N.C.G.S. 96-14.6(a)(b) provides an individual shall be disqualified for benefits
if it is determined by the Division such individual is unemployed because the
individual was discharged for misconduct connected with the work.

Based on the foregoing, it is concluded the claimant was discharged but not for
misconduct.

Determination Mailed:  05/19/2015          Appeal Rights Expire: 06/18/2015

Appeal Rights:

This Determination will become final unless an appeal by the aggrieved party is
filed on or before the Appeal Rights Expiration date.  The appeal may be
mailed to DES Appeals, P.O. Box 25903, Raleigh, NC 27611-5903, faxed to
(919)733-1228 or E-mailed to des.public.appeals@nccommerce.com. For additional
information, refer to the enclosed APPEALS & HEARINGS pamphlet.

/IMPORTANT - SEE FOLLOWING PAGE(S)/

CLAIMANT
EDWARD E EAVES, JR.
1767 WEST BLVD
UNIT R-4
CHARLOTTE, NC 28208-7903

(704) 726-4939

EMPLOYER
HERSHA HOSPITALITY MGMT LP
C/O CORPORATE COST CONTROL
P.O. BOX 1180
LONDONDERRY, NH 03053-1180

(215) 238-1046

CLAIMANT: EDWARD E EAVES, JR.    S.S. No. XXX-XX-5640

ON 06/03/15, THE EMPLOYER FILED AN APPEAL FROM THE DETERMINATION BY
ADJUDICATOR, DOCKET NO. 291037.
THE APPEALS REFEREE WILL CONDUCT A TELEPHONE EVIDENTIARY HEARING AND MAKE A
DECISION ON THE ISSUE(S) SHOWN BELOW.
IF THE ISSUE(S) SHOWN IS DIFFERENT FROM THE ISSUE(S) DECIDED BY THE ADJUDICATOR,
YOU MAY OBJECT AT THE HEARING, AND THE APPEALS REFEREE WILL NOT HEAR EVIDENCE
AND DECIDE ANY ISSUE(S) TO WHICH YOU HAVE OBJECTED WITHOUT FURTHER WRITTEN
NOTICE OR WAIVER OF FURTHER WRITTEN NOTICE BY YOU AT THE HEARING.
THE PARTIES WILL BE CONTACTED AT THE TELEPHONE NUMBERS SHOWN ABOVE UNLESS THE
ENCLOSED QUESTIONNAIRE IS RETURNED PROVIDING A DIFFERENT TELEPHONE NUMBER.

HEARING DATE:      Monday, June 29, 2015
HEARING TIME:      02:30 PM EASTERN DAYLIGHT SAVINGS TIME  FOR  60 MINUTES.
APPEALS REFEREE:   A. R. PERCIVAL
TELEPHONE: (919) 362-9175       EXT:     FAX: (919) 362-9175
A.PERCIVAL@NCCOMMERCE.COM

HEARING ISSUE(S):

WHETHER THE CLAIMANT -
   -Left work without good cause attributable to the employer.  G.S. 96-14.5(a).
   -Was discharged for misconduct connected with work.    G.S. 96-14.6(a)&(b).

DATE MAILED:  06/09/2015                         ESL435D (REV 10/2013)
                          IMPORTANT
            SEE REVERSE SIDE AND ENCLOSURES FOR MORE INFORMATION

Appeal
(919) 707 1060

NORTH CAROLINA DEPARTMENT OF COMMERCE
DIVISION OF EMPLOYMENT SECURITY

IN THE MATTER OF:                                    APPEALS DECISION NO. VII-A-01581

CLAIMANT                                             EMPLOYER

Edward E. Eaves                                      Hersha Hospitality Mgmt LP
1767 West Blvd.                                      c/o Corporate Cost Control
Unit R-4                                             P.O. Box 1180
Charlotte, NC 28208-7903                             Londonderry, NH 03053-1180

* * * * * *

ISSUE:

     Whether the claimant was discharged for misconduct connected with work.  G.S. 96-14.6.

FINDINGS OF FACT:

     1.   Claimant last worked for Hersha Hospitality Mgmt LP on March 26, 2015 as a Shuttle Driver. From March 22, 2015 until April 4, 2015, claimant has registered for work and continued to report to an employment office of the Division of Employment Security and has made a claim for benefits in accordance with G.S. 96-15(a).  The claimant filed a New Initial Claim effective March 8, 2015.  The claimant's weekly benefit amount is $137.00.  The claimant's maximum benefit amount is $2,055.00.

     2.   The Adjudicator issued a conclusion under Docket No. 291037 holding claimant not disqualified for benefits.  Employer appealed.  Pursuant to G.S. 96-15(c), this matter came on before Appeals Referee A. R. Percival for hearing on June 29, 2015.  Present for the hearing:  claimant Edward E. Eaves, employer's representative Frankie Patterson, and employer's witness Joseph Smiley, General Manager.

     3.   Claimant was discharged from this job for allegedly violating the employer workplace violence policy and falsifying his application.

     4.   The employer received a report from employee Brian Chisholm that the claimant had made a threatening comment regarding his supervisor, Front Office Supervisor Samantha Phillips-Gleason.  Mr. Chisholm reported that the claimant stated he was so angry that he wanted to 'pull her across the desk and beat her ass or have someone from the East side do it.'  The claimant did not make this comment.  When questioned by General Manager Joseph Smiley, the claimant denied making this comment.

     5.   The employer ran a background check on the claimant and found a battery charge.  The employer believed the claimant had falsified his application by failing to list this charge.  The claimant had not falsified his application.  The application asked if the applicant had any felony convictions, which the claimant did not.  The battery charge was not a felony and had been from 1995.  The conviction was since abated.

     6.   The claimant was notified by Mr. Smiley that his employment was terminated.

(IMPORTANT!  SEE FOLLOWING PAGE[S])

MEMORANDUM OF LAW:

The Employment Security Law of North Carolina provides that an individual shall be disqualified for benefits for the duration of his unemployment if it is determined by the Division of Employment Security that such individual is unemployed because he was discharged for misconduct connected with his work. G.S. 96-14.6(a).

Misconduct connected with the work is defined as conduct evincing a willful or wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of an employee or has explained orally or in writing to an employee or conduct evincing carelessness or negligence of such degree or recurrence as to manifest an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to the employer. G.S. 96-14.6(b)(1) and (2). See also In re Collingsworth, 17 N.C. App. 340, 194 S.E.2d 210 (1973); Yelverton v. Kemp Industries, 51 N.C. 215, 275 S.E.2d 553 (1981); Intercraft Industries Corporation v. Morrison, 305 N.C. 373, 289 S.E.2d 357 (1982).

The North Carolina General Statutes further provide that the following examples are prima facie evidence of misconduct, which may be rebutted by the claimant:

a. Violating the employer's written alcohol or illegal drug policy.
b. Reporting to work significantly impaired by alcohol or illegal drugs.
c. Consuming alcohol or illegal drugs on employer's premises.
d. Conviction by a court of competent jurisdiction for manufacturing, selling, or distribution of a controlled substance punishable under G.S. 90-95(a)(1) or G.S. 90-95(a)(2) if the offense is related to or connected with an employee's work for an employer or is in violation of a reasonable work rule or policy.
e. Being terminated or suspended from employment after arrest or conviction for an offense involving violence, sex crimes, or illegal drugs if the offense is related to or connected with an employee's work for an employer or is in violation of a reasonable work rule or policy.
f. Any physical violence whatsoever related to an employee's work for an employer, including physical violence directed at supervisors, subordinates, coworkers, vendors, customers, or the general public.
g. Inappropriate comments or behavior towards supervisors, subordinates, coworkers, vendors, customers, or to the general public relating to any federally protected characteristic which creates a hostile work environment.
h. Theft in connection with the employment.
i. Forging or falsifying any document or data related to employment, including a previously submitted application for employment.
j. Violating an employer's written absenteeism policy.
k. Refusing to perform reasonably assigned work tasks or failing to adequately perform employment duties as evidenced by no fewer than three written reprimands in the 12 months immediately preceding the employee's termination.

G.S. 96-14.6(c).

The employer has the responsibility to show that the claimant was discharged for misconduct within the meaning of the law.

The employer has not demonstrated that the claimant was discharged for misconduct. The employer alleged that the claimant violated the workplace violence policy and falsified his application. Either of those allegations, if proven, would rise to the level of misconduct. The employer did not carry the burden of proving either allegation. First, the employer alleged that the claimant made a threatening comment regarding his supervisor. On this issue, the claimant provided first-hand testimony. The employer provided hearsay testimony. First-hand testimony outweighs hearsay testimony. The claimant's testimony is controlling. The claimant denied making the alleged comment. Second, the employer alleged that the claimant falsified his

application by failing to list a conviction. The claimant responded that the application only asked for felony convictions, which he did not have, and thus denied falsifying the application. The employer did not provide, as documentation for the hearing, a copy of the application to demonstrate the specifics of how the question is worded and how the claimant answered the question. The employer thus was unable to demonstrate that the claimant falsified this document. The employer also did not provide documentation of the background check used in the discharge.

It is concluded from the competent evidence in the record that the evidence fails to show that claimant was discharged from the job for misconduct connected with the work.

DECISION:

The adjudicator's determination is affirmed.

Claimant is not disqualified for unemployment benefits.

/s/  A. R. Percival, Appeals Referee

APPEAL RIGHTS

This decision is the final decision of the Division unless within ten (10) days from the date it was mailed, the appealing party submits a clear, written statement containing the grounds for the appeal. If such timely statement is not submitted, the appeal may be dismissed. If you were notified of this decision by mail, three (3) additional days will be added to the period to file a written appeal.

You may file your appeal by mailing it to:

Appeals Clerk – Board of Review
Division of Employment Security
Post Office Box 28263
Raleigh, NC  27611

Appeals may also be filed by fax or email. An appeal of this decision can be faxed to: (919) 733-0690. A faxed appeal, if legible, is deemed filed on the date received. An appeal via email can be transmitted to: des.ha.appeals@nccommerce.com. Appeals to this decision can only be filed using the mailing address, fax number or email address above.

WHEN APPEALING, YOU MUST INCLUDE YOUR NAME, YOUR APPEALS DOCKET NUMBER, THE CLAIMANT'S FULL NAME AND AT LEAST THE LAST FOUR DIGITS OF THE CLAIMANT'S SOCIAL SECURITY NUMBER.

Decision Mailed: July 1, 2015                    Office:  9900-C. O. RSC

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

| | |
|---|---|
| Edward E. Eaves, | ) |
| Claimant, | ) |
| | ) |
| v. | )    **AFFIDAVIT OF SAMANTHA** |
| | )    **PHILLIPS-GLEASON** |
| Hersha Hospitality Management, L.P. | ) |
| Respondent. | ) |
| | ) |

Samantha Phillips-Gleason, being first duly sworn, deposes and says that:

1.    I am over 18 years old, have not been declared incompetent, and make the statements contained herein based upon my own personal knowledge.

2.    I am currently an employee of Hersha Hospitality Management, L.P.

3.    I am assigned to work at the Hyatt House Hotel in Charlotte, North Carolina.

4.    I am making the statements herein in connection with a reported violation of Hersha's Workplace Violence Policy.

5.    It is my understanding that General Manager Joseph Smiley brought the reported violation to my attention on March 11, 2015, as a safety precaution because the reported threats entailed physical violence against my person to be carried out by or on behalf of coworker Edward Eaves.

6.    Mr. Eaves is a coworker assigned to work at the Hyatt House Hotel in Charlotte, North Carolina.

7.    During the course of our time at the Hyatt House Hotel, I have interacted with Mr. Eaves on multiple occasions. Mr. Eaves has repeatedly been disrespectful towards me over the course of those interactions, and on numerous occasions, I have observed Mr. Eaves become agitated towards me.

8.    Based on Mr. Eaves' history of open animosity towards me, I believe the reported threat to be credible.

9.    I am concerned for my safety if Mr. Eaves is allowed to continue working at the Hyatt House Hotel, and I have informed management of those concerns.

1

10.    I am currently working with the Charlotte Mecklenburg Police Department to ensure my safety outside of the Hyatt House Hotel premises, including discussing the possibility of securing a restraining order against Mr. Eaves.

11.    I believe that Mr. Eaves poses a danger to myself and my coworkers at the Hyatt House Hotel.

SIGNED UNDER THE PENALTIES AND PAINS OF PERJURY THIS _1_ day of _April_____, 2015.

SAMANTHA PHILLIPS-GLEASON

Sworn to and subscribed before
me this __1__ day of _April____, 2015

NOTARY PUBLIC

My commission expires: _April 14, 2016_____

KISSA HALE
MY COMMISSION EXPIRES
NOTARY
PUBLIC
APRIL 14, 2016
MECKLENBURG CO., NC

2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| To:   Edward E. Eaves<br>1767 W Blvd. #R4<br>Charlotte, NC 28208 | From:   **Charlotte District Office**<br>**129 W. Trade Street**<br>**Suite 400**<br>**Charlotte, NC 28202** |

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **430-2015-01107** | **Omayra Padilla,**<br>**Investigator** | **(704) 954-6448** |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

SEP 0 2 2015

Enclosures(s)

**Reuben Daniels, Jr.,**
**Director**

*(Date Mailed)*

cc:   Amy H. Wooten, Esq.
BROWN LAW, LLP
4130 Parklake Ave, Suite 130
Raleigh, NC 27612





**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Charlotte District Office**

129 West Trade Street, Suite 400
Charlotte, NC 28202
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Charlotte Status Line: 866-408-8075
Direct Dial: (704) 344-6686
TTY (704) 344-6684
FAX (704) 954-6492
Website: www.eeoc.gov

April 1, 2015

Edward Eaves
1767 W. Blvd. #R4
Charlotte, NC 28205                    Charging Party

Amy Holbrook, Esq.
BROWN LAW, LLP
4130 Parkdale Ave.
Raleigh, NC 27612                      Respondent

Re: 430-2015-00609/430-2015-00902/430-2015-00654
Edward Eaves vs. Hersha Hospitality dba Hyatt House

### NOTICE OF FACT FINDING CONFERENCE

Please be advised I am the Investigator assigned to this charge.

You are hereby requested by the Commission to appear and participate in a Fact Finding Conference scheduled for **Thursday, April 23, 2015 at 9:00 am** at 129 West Trade St, Suite 400, Charlotte, NC 28202.

This Fact Finding Conference is being held pursuant to Section 1601.15, 1620.10 and 1626 (a) of the Commission's Regulation's. The Conference is an investigative forum intended to define the issues, to determine which elements of the charge are undisputed, to gather evidence, and to obtain a resolution of the charge. The Commission's Investigator will control and direct the conference (other Commission employees may assist or observe).

The Investigator will ordinarily take the following steps during the conference. First, the charge may be summarized and specific allegations discussed. The Charging Party may then, without interruption, present his/her views on the events which led to the charge. The Respondent will then have the opportunity to answer the charge and present their views without interruption. The parties present should address all questions and statements to the Investigator, resist interrupting other parties, and wait until the person speaking is finished. If you have a particular question, ask the Investigator to pose it. If the question is relevant, it will be asked. If Respondent or Charging Party is accompanied by an attorney, the attorney may participate as an **advisor** to the client. The Charging Party or Respondent should state their position directly rather than have the attorney speak on their behalf. No cross examination by attorneys of any person present will be permitted.

Either Charging Party or Respondent may suggest a recess to discuss settlement of the charge. The Investigator may also suggest settlement discussions. Settlement may be discussed separately with each party. If the attempt fails, the Investigator may reconvene

the conference. When all immediately gathered information is gathered, the Investigator will explain in general terms the actions which may be needed to complete the case.

The Conference will be conducted by the Commission representative named below and the following persons are to attend:

**Edward Eaves, (Charging Party)**
**Joann Weber, VP of Human Resources (Respondent)**

Because the Commission has bound the direct participation of the parties to be crucial to the success of this process, neither party may send a substitute nor bring persons not requested without permission from the Commission.

Sincerely,

*Omayra Padilla*

Omayra Padilla
Federal Investigator
704.954-6448 (o)
704.344.3734 (f)
omayra.padilla@eeoc.gov

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To:     Edward E. Eaves
    1767 W Blvd. #R4
    Charlotte, NC 28208

From:    Charlotte District Office
    129 W. Trade Street
    Suite 400
    Charlotte, NC 28202

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2015-01017 | Omayra Padilla, Investigator | (704) 954-6448 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]    The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]    Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]    The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]    Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]    The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]    The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]    Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

**Reuben Daniels, Jr.,**
**Director**

JUL 2 9 2015

(Date Mailed)

cc:    **Amy Holbrook, Esq.**
    **BROWN LAW, LLP**
    **4130 Parklake Avenue, Suite 130**
    **Raleigh, NC 27612**

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Edward E. Eaves
1767 W Blvd. #R4
Charlotte, NC 28205

From: Charlotte District Office
129 W. Trade Street
Suite 400
Charlotte, NC 28202

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2015-00739 | Omayra Padilla, Investigator | (704) 954-6448 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

JUL 2 9 2015

Enclosures(s)

**Reuben Daniels, Jr., Director**

(Date Mailed)

cc: Amy Holbrook, Esq.
BROWN LAW, LLP
4130 Parklake Avenue, Suite 130
Raleigh, NC 27612

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Edward E. Eaves**
**1767 W Blvd. #R4**
**Charlotte, NC 28205**

From: **Charlotte District Office**
**129 W. Trade Street**
**Suite 400**
**Charlotte, NC 28202**

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2015-00609 | **Omayra Padilla,**<br>**Investigator** | **(704) 954-6448** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

JUL 2 9 2015

Enclosures(s)

**Reuben Daniels, Jr.,**
**Director**

(Date Mailed)

cc: **Amy Holbrook, Esq.**
**BROWN LAW, LLP**
**4130 Parkdale Ave.**
**Raleigh, NC 27612**

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Edward E. Eaves**<br>**1767 W Blvd. #R4**<br>**Charlotte, NC 28205** | From: **Charlotte District Office**<br>**129 W. Trade Street**<br>**Suite 400**<br>**Charlotte, NC 28202** |

| [ ] | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **430-2015-00902** | **Omayra Padilla,**<br>**Investigator** | **(704) 954-6448** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other *(briefly state)* |

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

| | | |
|---|---|---|
| | On behalf of the Commission | JUL  2 8 2015 |
| Enclosures(s) | *(signature)*<br>**Reuben Daniels, Jr.,**<br>**Director** | *(Date Mailed)* |

cc:  **Amy Holbrook, Esq.**
**BROWN LAW, LLP**
**4130- Parklake Ave, Suite 130**
**Raleigh, NC 27612**

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Edward E. Eaves**
**1767 W Blvd. #R4**
**Charlotte, NC 28205**

From: **Charlotte District Office**
**129 W. Trade Street**
**Suite 400**
**Charlotte, NC 28202**

| | |
|---|---|
| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2015-00654 | **Omayra Padilla,**<br>**Investigator** | **(704) 954-6448** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____   *for*   JUL 2 9 2015

Enclosures(s)

**Reuben Daniels, Jr.,**
**Director**

*(Date Mailed)*

cc: **Amy Holbrook, Esq.**
**BROWN LAW, LLP**
**4130 Parklake Ave, Suite 130**
**Raleigh, NC 27612**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **430-2015-01107** |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Edward E. Eaves** | **(704) 726-4939** | **11-08-1963** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1767 W Blvd. #R4, Charlotte, NC 28208** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **HHM** | **500 or More** | **(215) 238-1046** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4920 South Tryon Street, Charlotte, NC 28217** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| | Earliest / Latest |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

Earliest **03-26-2015**  Latest **03-26-2015**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired by HHM on June 20, 2014, as a Driver. Since January 2, 2015, and continuing, I have filed numerous complaints with the EEOC and most recently I filed a complaint in March 2015. On March 26, 2015, I was discharged.

II. On March 26, 2015, I was discharged by the General Manager for allegedly failing to disclose a felony conviction during the hiring process. I deny failing to disclose a felony conviction, I deny having a felony conviction, and I deny having lied or falsified any information about myself to the company.

III. I believe I have been discriminated against in retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Mar 30, 2015** Date / Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 430-2015-01017 |
| | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Edward E. Eaves** | **(704) 726-4939** | **11-08-1963** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1767 W Blvd. #R4, Charlotte, NC 28208** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **HERSHA HOSPITALITY D/B/A HYATT HOUSE HOTEL** | **500 or More** | **(704) 525-2600** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4920 South Tryon St., Charlotte, NC 28217** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **03-09-2015** | **03-11-2015** |

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I- I was hired as a driver on June 20, 2014, by the above company as a Van Driver. I filed several charges against my employer with the U.S. EEOC (430-2015-00609 & 00654 & 00739).
On March 9, 2015, I reported to General Manager Joe Smiley, that two white female co-workers were subjecting me to a hostile work environment.**

**On March 11, 2015, the Vice President of People Support suspended me, without pay, telling me that if the allegation was found not credible, I would be returned to work.**

**II-The reason given by the Vice President of People Support for my suspension dated March 11, 2015, was that I was under investigation for having allegedly made a threat of workplace violence in the past. Another Van Driver around Mid-February (Hispanic, Puerto-Rican, male)violated the workplace violence policy by bringing his gun at work with management's knowledge, and was not suspended. Other female housekeepers, around the beginning of February 2015, engaged in workplace violence**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

| **Mar 12, 2015** | | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
|---|---|---|
| Date | Charging Party Signature | |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | **AMENDMENT** |
| ☒ EEOC | **430-2015-01017** |
| | and EEOC |

State or local Agency, if any

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Mr. Edward E. Eaves** | **(704) 726-4939** | **11-08-1963** |

| Street Address | City, State and ZIP Code |
|---|---|
| **1767 W Blvd. #R4, Charlotte, NC 28208** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **HERSHA HOSPITALITY D/B/A HYATT HOUSE HOTEL** | **500 or More** | **(704) 525-2600** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4920 South Tryon St.,  Charlotte, NC 28217** | |

RECEIVED EEOC CHARLOTTE DIST OFC 15 MAR 13 PM 3:32

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

Earliest **03-09-2015**     Latest **03-11-2015**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I- I was hired as a driver on June 20, 2014, by the above company as a Van Driver. I filed several charges against my employer with the U.S. EEOC (430-2015-00609 & 00654 & 00739).**

**Right after filing my first charge of discrimination with the EEOC around January 2015, the Assistant-General Manager proceeded on her own initiative to re-evaluate my employment history and to check my criminal background by asking me questions over it. I asked to know the reason why and after she told me that she just wanted to know about my history to know why I was where I was at my age, I then refused to give her the authorization she requested to make this evaluation.**

**Around the end of January 2015, Acting General Manager John Gorham called me in his office and further interrogated me on my employment history and my family. He told me that he had retrieved my personnel file and that my background had been cleared.**

**On March 9, 2015, I reported to General Manager Joe Smiley, that two white female co-workers were**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Mar 13, 2015**      *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| Date | |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 430-2015-00902 |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Edward E. Eaves | (704) 726-4939 | 11-08-1963 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1767 W Blvd. #R4, Charlotte, NC 28205 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HYATT HOUSE | 500 or More | (704) 525-2600 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4920 South Tyron Street, Charlotte, NC 28217 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 02-01-2015 | 02-18-2015 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired for the position of Driver on approximately June 20, 2014. I have filed three other charges against my employer (430-2015-00609, 430-2015-00654 and 430-2015-00739). I feel I have been retaliated against for filing these charges. My work hours have been reduced since filing of these charges, and my work schedule has been changed to the non-busy period.

II. I have not been told why my hours were cut or I am subjected to different terms and conditions.

III. I feel I have been discriminated against due to my race (Black) and retaliated against for filing my previous charges in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| | |
| Feb 18, 2015 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date / Charging Party Signature | |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 430-2015-00739 |
| | and EEOC |

_State or local Agency, if any_

| Name (Indicate Mr., Ms., Mrs.)<br>**Mr. Edward E. Eaves** | Home Phone (Incl. Area Code)<br>**(704) 726-4939** | Date of Birth<br>**11-08-1963** |
|---|---|---|

| Street Address<br>**1767 W Blvd, Apt R4, Charlotte, NC 28205** | City, State and ZIP Code |
|---|---|

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>**HERSHA HOSPITALITY D/B/A HYATT HOUSE HOTEL** | No. Employees, Members<br>**500 or More** | Phone No. (Include Area Code)<br>**(704) 525-2600** |
|---|---|---|

| Street Address<br>**4920 South Tyron Street, Charlotte, NC 28217** | City, State and ZIP Code |
|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|

### DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **01-09-2015** | **01-22-2015** |

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I.  I was hired by the above named employer on June 20, 2014, as a Driver. On January 2, 2015, and January 9, 2015, I filed an EEOC charge based on sexual harassment, race and retaliation. On January 10, 2015, I was asked to sign a blank customer skills assessment sheet, and when asked why I needed to sign this sheet I was given no response. On January 12, 2015, Joann Weber (Vice President of Human Resources) contacted me to schedule an interview to address my concerns. On this same date I also made Joann aware that a female bartender was being treated more favorable than I was by being allowed to loiter after work hours in the hotel. On this same date Joann made me aware that I reporting this could be construed as retaliatory and she would hold me accountable. On January 14, 2015, Joann Weber interviewed me, and I thought she would address my concerns instead she asked me if I was having problems getting along with some of my coworkers. On this same date Joann also made me aware that she had her assistant listening to our interview. This person was never identified, which made me very uncomfortable and not forth coming.

II.  I have not been given a reason for this treatment.

III.  I believe I was discriminated against in retaliation for opposing practices made unlawful, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Jan 22, 2015**<br>Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

_Charging Party Signature_

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 430-2015-00654 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Edward E. Eaves | (704) 726-4939 | ~~11-02-1963~~ |

Street Address: 1767 W Blvd. #R4, Charlotte, NC 28205

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HERSHA HOSPITALITY D/B/A HYATT HOUSE HOTEL | 15 - 100 | (704) 525-2600 |

Street Address: 4920 South Tryon St., Charlotte, NC 28217

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-05-2015  Latest: 01-09-2015

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was hired on June 20, 2014, as a Night Shift Driver with the referenced employer. I filed an EEOC Charge on January 2, 2015. January 7, 2015, as I stood at the front desk I saw the EEOC charge that I filed addressed to Jacqueline Bedard. Within minutes management had a meeting concerning my EEOC where they were warned about my allegations. My shift ended at 5 p.m. that day. Before leaving the facility, I observed and heard Melissa Shapiro stating "that motherfucker filed an HR complaint against me." That same night Melissa sent a mass email stating that she lost the hotel keys. In November 2014, Melissa gave a guest package to the wrong guest. When asked about it she lied to management. I know this because I was sent to purchase a new box for the guest. Melissa was not disciplined for either of these infractions. Sunday, January 4, 2015, Samantha Gleason, sent me to airport at 12:30 a.m. which is against policy. I followed her direction and on January 5, 2015, I sent a mass email requesting clarification from John Gorham, GM on the rules and policy of going to the airport outside of the structured time. He did not respond to my email. Tuesday, January 6, 2015, letters were posted throughout the facility indicating that Drivers are now scheduled until 12:30 a.m.

II. Thursday, January 8, 2015, I was called into John Gorham's office and he stated to me that Melissa had made allegations that I disrespected her. He stated "I am calling HR because I am not going to have that in my hotel." I told him that I did not disrespect her and he stated that she wrote a statement otherwise. I then stated that this is because I filed an EEOC charge. He stated that Melissa is not aware of the EEOC charge. I advised him that I heard her cursing about the EEOC charge the night prior. He then stated that Melissa apologized to me as if to excuse her behavior. However, three weeks ago, prior to filing my EEOC, John Gorham approached me in the hotel and stated that he was going to talk to Carol about the way she had spoken me. A

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Jan 09, 2015 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date            Charging Party Signature | |

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | **430-2015-00654** |
| | and EEOC |

_State or local Agency, if any_

couple of days later he told me that he spoke with Carol and she apologized for her behavior. However, he did not threaten her with termination nor did he call HR on her as he did with me.

III.    I believe I have been subjected to retaliation for opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – _When necessary for State and Local Agency Requirements_ |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jan 09, 2015** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| _Date_        _Charging Party Signature_ | |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | **AMENDED** |
| ☒ EEOC | **430-2015-00609** |
| | and EEOC |

| State or local Agency, if any |
|---|

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Edward E. Eaves** | **(704) 726-4939** | ~~11-08-1968~~ |

| Street Address | City, State and ZIP Code |
|---|---|
| **1767 W Blvd. #R4, Charlotte, NC 28205** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **HERSHA HOSPITALITY D/B/A HYATT HOUSE HOTEL** | **500 or More** | **(704) 525-2600** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4920 South Tryon St., Charlotte, NC 28217** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN

☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION

☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| **07-01-2014** | **01-01-2015** |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On June 20, 2014, I began my employment as a full time Night Shift Driver with the above employer. On or about July 2014, I was sexually harassed by General Manager Cliff Webber. Mr. Webber followed me outside and stood very close to me and commented how good I looked in my uniform shirt. This made me feel very uncomfortable. On or about September 2014, on two separate occasions I was subjected to racial comments by a Bartender and by a Front Desk Agent. I was told by the Bartender that Sangria was being served at an all Black family reunion because "this is what your people drink." I was also told by the Front Desk Agent not to take White customers to a certain strip club because "that is where dark skin people go." On September 16, 2014, I complained via email of the racial comments to Assistant General Manger Jacqueline Bedard, but no action was taken. On or about October 2014, I was subjected to an unwanted sexual comment by a coworker. I immediately reported this to Assistant Manager Donna LNU, but no action was taken. On or about October 2014, my hours were reduced and I was moved to day shift. On or about December 2014, this same coworker came up behind me

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| **Jan 08, 2015** _(signature)_ | |
| Date        Charging Party Signature | |

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | **AMENDED** |
| | ☒ EEOC | **430-2015-00609** |

_State or local Agency, if any_                 and EEOC

**and pulled my pants up. This was done in the presence of Front Desk Supervisor Samantha Gleason, but no action was taken. I have repeatedly complained to this employer of the ongoing harassment and retaliation, but no action has been taken. On December 28, 2014, a telephone conference was held with Bob LNU, VP of Operations and Ms. Bedard. I informed Bob of my complaints, but to date no corrective action has been taken by this employer. On December 31, 2014, I received my work schedule. My hours remain reduced to 30 hours a week and I also remain on day shift.**

II.   **This employer has not provided me with a reason or explanation for this treatment.**

III.   **I believe I have been subjected to discrimination based on my race (Black), sex (male/sexual harassment), and retaliation for opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended.**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY -- _When necessary for State and Local Agency Requirements_ |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jan 08, 2015**          _Charging Party Signature_ <br> Date | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE _(month, day, year)_ |

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act
Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 430-2015-00609 |
| | and EEOC |

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Edward E. Eaves | (704) 726-4939 | 11-08-1963 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1767 W Blvd. #R4 | Charlotte, NC 28205 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (if more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HYATT HOUSE HOTEL | 500 or More | (704) 525-2600 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4920 South Tryon St. | Charlotte, NC 28217 |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

*[stamp, partially legible: 2015 JAN 2 PM 1:23 RECEIVED EEOC CHARLOTTE DIST OFC]*

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| 07-01-2014 | 01-01-2015 |

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. On June 20, 2014, I began my employment as a full time Night Shift Driver with the above employer. On or about about July 2014, I was sexually harassed General Manager Cliff Webber. Mr. Webber followed me outside and stood very close to me and commented how good I looked in my uniform shirt. This made me feel very uncomfortable. On or about September 2014, on two separate occasions I was subjected to racial comments by a Bartender and by a Front Desk Agent. I was told by the Bartender that Sangria was being served at an all Black family reunion because "this is what your people drink". I was also told by the Front Desk Agent not to take White customers to a certain strip club because "that"s were dark skin people go". On September 16, 2014, I complained via email of the racial comments to Assistant General Manger Jacqueline Bedard, but no action was taken. On or about October 2014, I was subjected to an unwanted sexual comment by a coworker. I immediately reported this to Assistant Manager Donna LNU, but no action was taken. On or about October 2014, my hours were reduced and I was moved to day shift. On or about December 2014, this same coworker came up behind me and pulled my pants up. This was done in the presence of Front Desk Supervisor Samantha Gleason, but no action was taken. I have repeatedly complained to this employer of the ongoing harassment and retaliation, but no action has been taken. On December 28, 2014, a telephone

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jan 02, 2015** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date        Charging Party Signature | |

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 430-2015-00609 |
| | and EEOC |

*State or local Agency, if any*

conference was held with Bob LNU, VP of Operations and Ms. Bedard. I informed Bob of my complaints, but to date no corrective action has been taken by this employer. On December 31, 2014, I received my work schedule. My hours remain reduced to 30 hours a week and I also remain on day shift.

II.   This employer has not provided me with a reason or explanation for this treatment.

III.   I believe I have been subjected to discrimination based on my race (Black), sex (male/sexual harassment), and retaliaion for opposing unlawful employment practices, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jan 02, 2015** _____ Date     Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

From:"THOMAS COLCLOUGH" <THOMAS.COLCLOUGH@EEOC.GOV>
Date:Sun, Mar 29, 2015 at 3:11 PM
Subject:Eaves vs Hersha Hospitality d/b/a Hyatt House Hotel

Mr. Eaves,
Good afternoon and I hope you are well. You have recently sent several lengthy emails to our Regional Attorney, Ms. Lynette Barnes. Please note that Ms. Barnes is not associated with the enforcement unit's investigative process and is not able to assist you with the investigation of your charge(s). Your investigator is Ms. Omayra Padilla. You are welcome to contact Ms. Padilla if you have any questions or concerns regarding your charge(s). She can be reached at omayra.padilla@eeoc.gov or via telephone at 704-954-6448. You can also contact her supervisor Ms. Ava Morrow at ava.morrow@eeoc.gov or via telephone at 704.954.6535.
If you have any questions, please give me a call. I would be happy to speak with you. Thank you.
Tom Colclough
Thomas M. Colclough,
Deputy District Director
EEOC- Charlotte District Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601
(919) 856-4085
(919) 856-4156 (fax)

**Naveen P. Kakarla, PRESIDENT AND CEO HHM**
**Hersha Hospitality**
**Philadelphia Corporate Office**
510 Walnut Street, 9th Floor
Philadelphia, PA 19106
p. 215.238.1046

**EEOC Equal Employment Opportunity Commission**
**129 West Trade Street, suite 400**
**Charlotte, NC 28202**
**(704) 344-6684**
Date: March 16, 2015

Mr. Kakarla,

### Time Line Hostile and Retaliatory Work Environment.

Based upon the recent flagrant, retaliatory, and pretext allegation made against me I hereby am providing you with letters from guests which stayed at the Hyatt House and whom I had direct contact with. As you will notice the first two letters were written by American Airlines Pilots. I have redacted their names and addresses which were provided to me seemingly, because of the malicious action sought by your staff to tarnish my character.

Moreover, these two letters were mailed U.S. mail first class to my attention Edward Eaves and were to be placed in my mailbox. However, Mrs. Jacquie Bedard and Samantha Gleason opened my mail and read both letters. After being made aware from both pilots these letters were mailed and I had not received them I summoned Mrs. Bedard and Mrs. Gleason. When I informed both individuals that these letters were emailed to my attention and were supposed to be placed in my mailbox at Hyatt House, and I was going to contact the Postal Inspector, Mrs. Bedard approached me two days later and handed me the letter dated December 2014, with an explanation that she mistakenly opened it; and the second letter dated January 2015, was found in my mailbox. These were just one of the attempts made by Management to stop me from receiving customer compliments. After receiving these two final letters, Samantha and Mrs. Bedard both conspired together to stop me from receiving any further customer compliments which received on line to Hyatt House. However, Samantha would continually post customer surveys in the back office about Mellissa and Laura, both employees whom made racist remarks about black people.

December 31, 2014, I was standing outside in the parking lot inspecting the van. Two weeks prior I approached Samantha and asked her if we were allowed to take patrons downtown to New Year's Parties if they requested a shuttle ride because the year prior I was informed that Van drivers were allowed.

One week later Samantha approached me and stated Jacquie informed her that no shuttle van rides were permitted to go downtown.

December 31, 2014, a white male with three white females were standing at the front counter speaking with Samantha for a lengthy time. I witnessed and noticed this because I had just came into work that day.

While standing outside at the van the white male and females approached me. The white male stated "hey, I need a ride downtown. I stated sir, we can't go downtown. The white females stated come on take us downtown. The white male pulled out a twenty dollar bill in an attempt to (bribe) me." I knew Samantha had put him up to this. I refused his offer and repeated I cannot take patrons downtown. The obvious was 100.00% of the time no one asks if we can take them downtown. They always approach the front desk. More importantly, the guest attempted to bribe me within two minutes of his approach. It was clearly obvious as to what was going on. Continued efforts to harass me and create a hostile working environment were committed. My schedule was changed to DAY shift by Samantha in October 2014 while Jacquie was on vacation. My hours were reduced. In Jan, Feb, Mar, I have filed numerous complaints against Jacquie, Samantha, Carol and Mellissa and none of these employees were ever suspended. Every effort was made one could think of to cause me grief and harassment. The work environment became Hostile prior to my first EEOC charge and thereafter, when I filed my first EEOC charge in January 2015.

I have written over ten or more letters to the Vice President of HR Mrs. Webber. Nothing was done to curtail these issues. In fact, instead of trying to discontinue this type of behavior Mrs. Webber accused me of not getting along with the employees and also Hired a Lawyer whom at the time I did not know was listening in during my meeting with her (but I was told it was an H.R. employee assistant), later discovered it was a lawyer.

Finally, in mid-February 2015, Joe Smiley was hired. His first week I was threatened by him not to contact the corporate office any longer and it was me not the employees involved causing the problems. Mr. Smiley informed me that I would not have a job at Hyatt House if things did not change with me.

March 9, 2015, I emailed Mr. Smiley letting him know of a continued Hostile Work Environment. On Wednesday March 11, 2015, Mr. Smiley contacted me by telephone. I was informed that I was suspended pending investigation for alleged threats of work place violence. He further instructed me that I was no longer to contact any employee at Hyatt House, speak with them about my suspension or enter or call the hotel. He aggressively repeated this statement and continually, with adverse anger and hostility repeated himself.

March 11, 2015, I received a letter via email from Mrs. Webber explaining the same context about my suspension and also she stated that she would expedite the investigation and contact me for my statement.

March 11, and 12th, 2015, Mrs. Webber was made aware that Robert Santiago brought a loaded gun onto the premises weeks prior and showed me personally, the loaded weapon. To make myself clear, he took the clip out then reloaded it. I actually backed up and walked away. Mrs. Webber was also made aware of violence in housekeeping.

I am providing you with this evidence to show several upon several unlawful attempts were made by management to FIRE me in retaliation for filing an EEOC charge.

**Closing:**

**My goal is to testify under OATH to a jury of my peers in a federal court of law to show this is what happens to an employee when he or she exercises their right to participate in an EEOC charge.**

ATTORNEY GENERAL ERIC HOLDER:
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
webmaster@usdoj.gov
Sent via Certified Mail March 16, 2015
Edward Eaves
1767 West Blvd R4
Charlotte, NC 28208
(704) 726-4939

Re: Request to file Formal Charges with the Justice Department and investigation against Mrs. Sandra Chavez EEOC supervisor of the Charlotte, NC district office for denial of right to file EEOC charges, harassment & discrimination.

My passion since being falsely accused of felony charges in 1994 is to be a criminal and civil rights attorney. I, once in my life as a black man was thrown to the ground by police, beat up, and lied on concerning an incident with my girlfriend. Because I had no financial means to retain a lawyer. I was charged with kidnapping my own girlfriend in Washington DC. Washington DC dismissed the charge, but, an overzealous lawyer whom was seeking promotion, defied the evidence I was innocent, and simply knew I was a black statistic, a man who could not retain a high price lawyer, pick up the charges. I was recharged. Thus, what I am saying is, I was charged with a crime in DC. It was dropped because I did not kidnap her. But, Md. Recharged me, and anyone looking at me or my arrest record will see two kidnapping charges which neither I did, and more importantly, related to the same time, day, and incident. Therefore making it look like that I had committed the alleged crime twice. I was 32 years old at the time of my charge. I had never been arrested before. I was a commissioned police officer and I worked for the Superior Court of Washington DC, actually escorting JUDGES to and from their chambers. Also, picking up mail from the US Marshalls.

My charges were not processed with the exception of a misdemeanor I pled guilty to. I was placed on unsupervised probation. Month later the judge **abated** my probation. I have lost jobs and have been discriminated against since this time. My civil rights were violated because of this arrest in 1994. I'm not a convicted felon. I continue to fight for the rights of others and I at this time am tired of being being a victim. I have a college degree and I've studied paralegal studies at Maryland University and Illinois University. Because of my negative background I'm always looked upon in a negative way by those who don't understand that I was cleared all these charges.

I've applied to law school and every time the question comes up about ethical standard I always reveal what happened to me. Nonetheless, I'm looked upon as a criminal. When I was in college at Md. University, wherein, I studied Paralegal and attained my paralegal education; and thereafter, I attended Western Illinois University and attained me Bachelors in Crim Justice, I studied under prominent Judges and Lawyer for the Md and Illinois Bar. I was passionate, involved and became very known by my professors. My passion and my love for the law, civil rights and criminal law, are because of what happened to me. I would sit in the classroom after everyone left and read _Terry vs Ohio 1964_ _Mapp Ohio 1968 and_ _Miranda v Arizona 1964_. I would also focus my studies on the Civil Rights Act of 1964. I'm asking for your help to enforce the EEOC do what they're supposed to do and not Judge or deny a complainant of his or her right to file a civil rights violation regardless of their background. I have been treated in the most

horrendous manner by the supervisor of the EEOC. I was treated as if I were a black criminal off the street and I deserve no right to file a discrimination charge at all with the EEOC. I am denied the right to freely walk in the office and file a charge with the EEOC office when I am treated this way.

I was in the office on Friday March 12 2015 and on March 13 2015. I was in the hallway speaking to my investigator Mrs. Padilla. We were discussing a date to talk about my charges because I have yet, done so. Mrs. Chavez actually intervened abruptly, during our conversation in the hallway and told Mrs. Padilla she needed to get back in the office and intend to other people in the office. It was clear on its face that Mrs. Chavez despised me (1) because she rudely interrupted me and the investigator and (2) she looked at me with total hate and did not speak, (3) on March 13, 2015, the following day Mrs. Chavez again, demonstrated her hate toward me by attempting vehemently, to deny me my right to file an amended charge. I was trying to respond to her and she stated ", I'm talking." After informing her that I spoke with a LAWYER (which I did not) during a free consultation, it was then she allowed me to file my amended charge. I had to tell her I spoke with a lawyer in-order to file a charge!!!! She treated me with extreme contempt and hatred as a black man. I was treated me with such a profound prejudice. I was in the office strictly to file charges against my employer. Respectfully speaking it appears to me that she is so biased against me and my charges, and clearly exhibits a bias, when filing an EEOC charge. A bias which is questionable as if she either knows the employer, someone who works for the employer, or simply, defies equal opportunity for blacks.

She even entered the office on March 13, 2015, when investigator Philip was interviewing me. He was told to come out the office because she wanted to speak to him in private concerning my case. Philip then return to the office. Upon printing my charges out and signing them, and before he even gave me a copy of my amended charge, he was required to show her what he wrote up. It's as if she attempted to do everything she could do to deny me my right to file an amended charge.

**I am asking the Justice Department to look into this matter.**

## LAW

Before filing a Title VII action, a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC. See: *Green v. Elixier Industry, Inc.*, 152 F. App'x 838, 840 (11th Cir. 2005). (Citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970). The purpose of this exhaustion requirement is that the EEOC should have the "first opportunity" to investigate the alleged discriminatory PRACTICES to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts, *Evans v. U.S. Pipe & Foundry Co*, 696 F. 2d 925, 929, (11th Cir. 1983) see: Wu, v. Thomas, 863 F. 2d 1543, 1548 (11th Cir. 1989). The purpose of the filing requirement is to insure that the settlement of grievances be first attempted through the office of the EEOC, *Cheek v. W. & S Life Ins. Co.* 31 F. 3d 497, 500 (7th Cir. 1994).

From:"Edward Eaves" <edward_eaves@yahoo.com>
Date:Tue, May 19, 2015 at 1:33 PM
Subject:EEOC charge

EEOC Equal Employment Opportunity Commission
129 West Trade Street, suite 400
Charlotte, NC 28202
(704) 344-6684

Dear Mrs. Barnes, EEOC Regional Lawyer,

I am writing you because I have not received a phone call, correspondence, or any type of communication from
EEOC since my letter to the United States Justice Department April 24, 2015. My letter written to the justice
department was concerning my feelings on how the investigation into race and retaliation were being handled, and
more importantly, the fact the EEOC director advised me NOT to email you because you're not part of the
investigation process. However, I respectfully and humbly disagree. Nonetheless, the relevancy in my emailing you
should not hold any issues with my case. As a matter of fact I emailed you the several times I did because
seemingly, there are and still exists issues with this office when a BLACK man attempts and files a charge and is
treated worse by certain personnel in this office.

I feel that my case at the inception was never taken seriously and the requirements of EEOC to treat everyone
equally, despite their color is not being enforced. I, as a black male have undergone a serious and unforgettable
impact of retaliatory behavior issued upon by my employer. I was falsely accused of being a felon and seemingly,
EEOC knows or should know this was never true and it was done in retaliation. I have conducted my own research
on this matter and uncovered I am not the only victim who has been falsely accused of something like this.
Nonetheless, EEOC held a fact finding conference and it failed based upon the disorganization of this office not
having a witness to assist and view this matter with the investigator.

Please understand I never hold you to blame. I SEEK JUSTICE AS A BLACK MAN. However, no one has called
me or had me come back into the office to discuss or update me on my case.

Sincerely,


From:"THOMAS COLCLOUGH" <THOMAS.COLCLOUGH@EEOC.GOV>
Date:Tue, Mar 31, 2015 at 4:37 PM
Subject:Re: Eaves vs Hersha Hospitality d/b/a Hyatt House Hotel

Thomas M. Colclough,
Deputy District Director
EEOC- Charlotte District Office
434 Fayetteville Street, Suite 700
Raleigh, NC  27601
(919) 856-4085
(919) 856-4156 (fax)

I received an email from you Saturday March 28, 2015. In said email you ask that I contact Mrs. Padilla
instead of Mrs. Barnes, because Mrs. Barnes is not PART OF in the investigative process. Sir,
respectfully, I agree. However, My reasons for notifying Mrs. Barnes is for the blatant disrespect for Race
equality, practiced openly by the respondent and their utter and defiled manner toward EEOC and civil
rights. Listed herein listed below, is a letter received TODAY by the H.R. Vice President. Sir, if this is not
blatant, I have no idea what it is. I WAS FIRED ON 3/26/2015 falsely, in retaliation, accused of being a
convicted felon. I provided them evidence that I am not. This respondent believes that EEOC and
civil rights has no place in our society and in their workplace. I have been an investigator in past positions

with 15 years of experience. I use to "arrest" thieves, and criminals whom stole money internally. I interviewed people daily, and I know when people are lying and simply, manipulate the system. This respondent knows, or thinks she can get by EEOC for some reason. And, this is the reason I am writing you.

As you know I had to file a complaint with the Justice Department pursuant to a certain investigator/supervisor in your office. Why? Because she acted as if I was in the wrong for filing a charge against this employer. I am not accusing anyone of anything. But, this VP of HR is either stupid, or racist, or she is confident for a reason. That reason worries me as it has nothing to do with my evidence, but, she infers that she has no worries about EEOC. WHY????  Nonetheless, her actions exemplify a blatant and utter disrespect for EEOC and civil rights and she is not worried.  I could understand if I indeed was a convicted felon. I am not and I did not falsify my application. I have provided you with the termination letter. And my clearances with DCFS. JJ, and the court.

Sir, I am not waging a war with the EEOC in how to process investigations. But, I am letting you know respectfully, that I am not comfortable with the process thus far. Mrs. Padilla, a very nice woman. But, my conversation thus far with her has been maybe five minutes. **When I saw her at EEOC we were told to stop talking by your supervisor. My case, which we were discussing, was clearly, unimportant and obviously, I, as the charging party had no rights according to that supervisor. Moreover, Mrs. Padilla, again a nice lady, may or may not be comfortable with me, (and she has no reason to feel this way)**, because she calls me on a blocked number, and wants to interview me on a PHONE. Sir, this is not in my opinion and based upon the severity of my case, conducive. I need and I want, AN investigator WHO IS GOING TO GO BY THE FACTS IN THE LAW, pursuant to my first charge and my last, and all evidence provided to EEOC. I did nothing wrong. Now, I am unemployed because I stood up for Black women and men, for their civil rights, and I did it the correct way. I never demonstrated anger, hostility, or anything which will compromise my character. Yet, I am treated as a BUMB on the street. I have a college degree; I served our country; and most importantly, I am the first and the last who will stand for justice without violence. I need an investigator whom will sit down with me at the EEOC get the facts, talk to me, and know me for Edward Eaves, not what is on paper from 22 years ago. Look at my recommendations from guests. Sir, I am a college graduate. Thus, I was taught by lawyers and judges. They taught me how to use my intelligence. This was a gift I was given from them upon attaining my degree.

Mrs. Cunningham, I met once. But, it appeared to me she treated my case with 'unbiased' approach. I email her because she impressed upon me that she is EEOC, an employee who will listen, takes the facts, and enter a decision. I am seeking justice. Not trying to serve as a statistic.

Wednesday I will be in your office AMENDING my charge to add that my EMPLOYER conducted a background check on me in JUNE 2014, upon hire. I passed. Thus, this is proof that Mrs. Webber, VP of HR knew I was not a convicted FELON. Yet, when I filed my charges, they hired a BLACK man to illegally conduct a background check on me then fired me alleging I was a convicted FELON.

Sir, I respect EEOC. But, this is a case I must not let slip by me. If I am required I will write a letter to the Chief Judge in FEDERAL COURT explaining that I feel my case is not being properly or otherwise investigated by EEOC. My goal is not to do that!!! But, lawyers whom defend against civil rights violations seek every chance they can to be awarded **summary judgments** on issues which, if the EEOC would have investigated the facts, there would be no standing. Hersha Hospitality thinks EEOC is a JOKE. As far as Mrs. Barnes, I have never met her, nor has she responded to my emails, and rightfully SO. She has an ETHICAL duty not to, and first and foremost it would not be prudent for her to do so as it would appear she's my lawyer. Mrs. Cunningham, I have already stated my views. Again, I feel Mrs. Padilla has been improperly prejudiced against me by the EEOC supervisor and her actions demonstrate as such. Calling me on a private LINE is not respectful.  But, if you're that uncomfortable either have me meet you downtown and/or drop off this case. I have done NOTHING to deserve such treatment except for, file an EEOC charge.

**I ask that you assign an INVESTIGATOR (if not Mrs. Padilla) whom is willing to aggressively interview me at EEOC and start investigating this case properly. I request this because Congress requires that I, or anyone, first, seek the intervention of EEOC.**


From:"Edward Eaves" <edward_eaves@yahoo.com>
Date:Sun, Mar 15, 2015 at 4:18 PM
Subject:U.S.J.D.


ATTORNEY GENERAL ERIC HOLDER:

U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001
webmaster@usdoj.gov

Sent via Certified Mail March 16, 2015

Edward Eaves
1767 West Blvd R4
Charlotte, NC 28208
(704) 726-4939

Re:  **Request to file Formal Charges with the Justice Department and investigation against Mrs. Sandra Chavez EEOC supervisor of the Charlotte, NC district office for denial of right to file EEOC charges, harassment & discrimination.**

My passion since being falsely accused of felony charges in 1994 is to be a criminal and civil rights attorney. I, once in my life as a black man was thrown to the ground by police, beat up, and lied on concerning an incident with my girlfriend. Because I had no financial means to retain a lawyer. I was charged with kidnapping my own girlfriend in Washington DC. Washington DC dismissed the charge, but, an overzealous lawyer whom was seeking promotion, defied the evidence I was innocent, and simply knew I was a black statistic, a man who could not retain a high price lawyer, pick up the charges. I was recharged. Thus, what I am saying is, I was charged with a crime in DC. It was dropped because I did not kidnap her. But, Md. Recharged me, and anyone looking at me or my arrest record will see two kidnapping charges which neither I did, and more importantly, related to the same time, day, and incident. Therefore making it look like that I had committed the alleged crime twice. I was 32 years old at the time of my charge. I had never been arrested before. I was a commissioned police officer and I worked for the Superior Court of Washington DC, actually escorting JUDGES to and from their chambers. Also, picking up mail from the US Marshalls.

My charges were not processed with the exception of a misdemeanor I pled guilty to. I was placed on unsupervised probation. Month later the judge **abated** my probation. I have lost jobs and have been discriminated against since this time. My civil rights were violated because of this arrest in 1994. I'm not a convicted felon. I continue to fight for the rights of others and I at this time am tired of being being a victim. I have a college degree and I've studied paralegal studies at Maryland University and Illinois University. Because of my negative background I'm always looked upon in a negative way by those who don't understand that I was cleared all these charges.

I've applied to law school and every time the question comes up about ethical standard I always reveal what happened to me. Nonetheless, I'm looked upon as a criminal. When I was in college at Md. University, wherein, I studied Paralegal and attained my paralegal education; and thereafter, I attended Western Illinois University and attained me Bachelors in Crim Justice, I studied under prominent Judges and Lawyer for the Md and Illinois Bar. I was passionate, involved and became very known by my professors. My passion and my love for the law, civil rights and criminal law, are because of what happened to me. I would sit in the classroom after everyone left and

read *Terry vs Ohio 1964* *Mapp Ohio* 1968 and *Miranda v Arizona 1964*.   I would also focus my studies on the Civil Rights Act of 1964. I'm asking for your help to enforce the EEOC do what they're supposed to do and not Judge or deny a complainant of his or her right to file a civil rights violation regardless of their background. I have been treated in the most horrendous manner by the supervisor of the EEOC. I was treated as if I were a black criminal off the street and I deserve no right to file a discrimination charge at all with the EEOC. I am denied the right to freely walk in the office and file a charge with the EEOC office when I am treated this way.

I was in the office on Friday March 12 2015 and on March 13 2015. I was in the hallway speaking to my investigator Mrs. Padilla. We were discussing a date to talk about my charges because I have yet, done so. Mrs. Chavez actually intervened abruptly, during our conversation in the hallway and told Mrs. Padilla she needed to get back in the office and intend to other people in the office. It was clear on its face that Mrs. Chavez despised me (1) because she rudely interrupted me and the investigator and (2) she looked at me with total hate and did not speak, (3) on March 13, 2015, the following day Mrs. Chavez again, demonstrated her hate toward me by attempting vehemently, to deny me my right to file an amended charge. I was trying to respond to her and she stated ", I'm talking." After informing her that I spoke with a LAWYER (which I did not) during a free consultation, it was then she allowed me to file my amended charge. I had to tell her I spoke with a lawyer in-order to file a charge!!!! She treated me with extreme contempt and hatred as a black man. I was treated me with such a profound prejudice. I was in the office strictly to file charges against my employer. Respectfully speaking it appears to me that she is so biased against me and my charges, and clearly exhibits a bias, when filing an EEOC charge. A bias which is questionable as if she either knows the employer, someone who works for the employer, or simply, defies equal opportunity for blacks.

She even entered the office on March 13, 2015, when investigator Philip was interviewing me. He was told to come out the office because she wanted to speak to him in private concerning my case. Philip then return to the office. Upon printing my charges out and signing them, and before he even gave me a copy of my amended charge, he was required to show her what he wrote up. It's as if she attempted to do everything she could do to deny me my right to file an amended charge.

**I am asking the Justice Department to look into this matter.**

| Subject: | Courtesy copy EEOC 7 |
| --- | --- |
| From: | Edward Eaves (edward_eaves@yahoo.com) |
| To: | joseph.smiley@hhmlp.com; joelle.carrier@hhmlp.com; edward_eaves@yahoo.com; |
| Date: | Monday, March 9, 2015 5:35 PM |

Joe,

Attached hereto, is my statement to EEOC addressed today concerning the aforementioned correspondences provided to you.

Respectfully,

https://us-mg6.mail.yahoo.com/neo/launch?.rand=8544tb631265t                    3/11/2015

1.

RECEIVED
*US EEOC
CHAR DIST OFC
2015 MAR -9 PM 3:53

March 9, 2015

MRS Padilla, EEoc INVestigator
RE: continued Retaliation / REQ to ADD to Charges

DEAR MRS Padilla,

I am writing you concerning Continued retaliation
from my Co-workers Laura, Bartender, and
Carol front desk.

To digress, since filing my EEoc Charges Carol
and Laura both have been retaliating against
me. Examples are: The assistant G.M. of
Hyatt House no longer works at the hotel. She
left one week after I filed my first EEoc
charge. Since that time I have filed additional
charges. Laura and Carol were good friends with
~~Janice~~ the Former A.G.M. They were so close
they attended her wedding in October 2014.
Laura has continually retaliated against me.
Her Hostility toward me is openly practiced
in front of our guests. When I ask her
Questions about our guests her reply is Abrupt
with a very nasty tone saying to me What?
She slams doors and shows all other employees
She dislikes me. For example, I approached
Laura last week. I asked her where was
the customer looking for me. She responded
in a loud and negative tone What?

2.

RECEIVED
US EEOC
CHAR DIST OFC
2015 MAR -9 PM 3:53

Another example: Brian, Engineer told
me during CIAA weekend Laura asked
him "what type of liquor do your people
drink". Laura made this same type of
statement to me.

Carol, refuses to call me for van runs
when other van drivers work. For example:
One month ago Carol refused to call me
for van runs and I filed a retaliation charge.

On Sunday 3/8/15, I clocked in at 4:55 PM.
At 5:00 PM Patrick, Driver was called by
Carol to go back and forth to the airport.
Patrick was gone from 5PM to 7PM. Carol
REFUSED to call me. Thus, Patrick was
called by Carol for every run. This same
issue was raised in previous EEOC charges.

At 6:59 PM Patrick handed me the van keys
and phone in front of Carol. At 6:55 PM
An Airport call came in but, the customer
was not ready until 7:10 PM or 7:15 PM.
I was standing at the desk. I told Carol
I would get the customer. At 7:05 PM
Carol had Patrick go to the Airport
although, Patrick was off. Patrick
was no longer suppose to do a van run.
He turned in the keys and phone to me.

3.

RECEIVED
US EEOC
CHAR DIST OFC

2015 MAR -9 PM 3:54

On this same day Carol hollard at my
not to take out the trash. Carol refuses to
allow me to answer the phones when
a guest will call. She will snatch
the phone and say here it, I got it.
However, the customer had been calling for
two to three minutes. Carol is very
rude to me, nasty, and retalitory.
She and Laura both treat me very badly
at work with hostility. It's as if
they hate me as a black man because
I told EEOC about all the discrimination
and retaliation at Wyatt House. It's gotten
so bad I get very bad migraines. I left
work early on 3/8 because I had a
bad migraine.

Edward Eaves
3/9/15

Joe General Manager

Joel Assistant General Manager

Date: March 8, 2015

Re: Continues violation of ethical duties and retaliation

Joe, this is my continued letter of my first regarding the subject matter which was raised yesterday. I am trying to do as you requested but, seemingly, to no avail those employees whom neither respect me or the rules will cease and desist. It's clear that I am not liked by Laura simply, by her disrespectful action. Thus, this behavior carries over to other employees. If you were to research my prior charges you will see three of them consist of being denied equal access and opportunity to the Van and being called upon when service is needed. Based on my first letter and now my second to you in the past two days, I have no other choice but to file these issues with EEOC. Why? Because I was so frustrated today I came looking for you. I could not find you. I was going to request to go home.

I arrived a 5:00 pm. As you know or may not know Carol was very good friends with Jacquie whom use to work here. Such good friends, She, Carol, and Laura would hang out after work and drink together. Joe, I am a man who possess a four year college degree. I am far from being neive or stupid. I have tried to overlook Carol, Laura, and so many issues. But, today was my FINAL straw.

Patrick worked today. I arrived at 5:00pm. Carol refused to call me when I arrived for work. Joe, Patrick was at the airport from 5:00 to 7:00 and Carol not once called me out of TEN runs. To make matters worse, Joe, Patrick handed me the keys at one minute to SEVEN. Joe he was off at seven. Joe, he handed me the keys in-front of Melisa and Carol. Joe, I left with the new Van at 7:00. I had an airport run at 7:05 pm because they called at 6:55pm and was getting their baggage. Joe, Carol had Patrick go to the airport and I can tell you I am not going to accept this anymore. Patrick was OFF. Carol knew I had the VAN phone. And she knew I was aware of the airport. Joe, I can't take it anymore and I am tired so tired.

I come to work to work. Not be harassed, retaliated against, or ridiculed. I am tired. I can't take this type of bad treatment any-longer. Carol and Laura feel that they can do whatever they deem to do. The LAW does not allow this when treating an employee this way.

Eddie Eaves

Hand deliv
3/8/2015

| Subject: | Re: Guest who alleged to see daughter |
| --- | --- |
| From: | Carrier, Joelle (joelle.carrier@hhmlp.com) |
| To: | edward_eaves@yahoo.com; |
| Cc: | joseph.smiley@hhmlp.com; |
| Date: | Saturday, March 7, 2015 8:52 PM |

Is that guy at the hotel now? Our number one priority is the safty of our guests and our employees. Thank you for bringing these issues to our attention. I think this woman needs to know he is there "watching" her for her safty and if she wants us to call the police to have him removed again, we will.
Eddie, please remember to be careful, we do not know the stability of this guy, only a manager or the police should be addressing this guy. He may be crazy and want to hurt one of us (the employees) because we are doing our job and protecting the privacy of our guests.

On Sat, Mar 7, 2015 at 8:39 PM, Edward Eaves <edward_eaves@yahoo.com> wrote:
Joe,

These notes are my SHIFT NOTES for your immediate attention.

We had an issue on March 6, 2015, whereby, a guest alleged he had a daughter here at the hotel. Joel made the right decision in denying him access. However, he came back on 3/7/2015 and got a room.

On 3/7/2015 I was in the lobby at 5:45pm. I witnessed him on one side and his daughter at the computer.

No contact was made. However, he asked me to deliver a balloon and candy. I stated I cannot do that. Then, he continually watched her. My concern is her safety. Then he came back down to the lobby. He again asked me to deliver this item. As a former special police officer I feel that its imperative that you're aware ASAP that this issue is going on. I feel for her safety and possibly other issues.

Also, I maintain a demand for honesty and integrity in our hotel especially, when management is not around. I questioned front desk staff (Melissa) as to why we had guest in our conference room with liquor and food and no BO was made and no one told me or anyone. Laura vehemently asked me to let it go and not say anything. However, we have several guest in our conference room and no reservation was made with alcohol. I informed Melissa that she should call Joel or Joe because this was something that should be addressed.

Eddie Eaves

--
[X] Description: Des    Joelle Carrier
                        Task Force Manager
                        hhmhospitality.com

2015 MAR 11  PM 2: 00
RECEIVED
US EEOC
CHAR DIST OFC

Letter of Reference for:                                      January 16, 2015
**Edward Eaves**

To whom it may concern,

Over the last several months I have had the privilege and the pleasure of getting to know Edward Eaves, and have found him to be quite the remarkable young man.

During this time I have had the honor of being Edward's customer, and have been very much impressed overall. I have found him to be prompt, courteous, conscientious, ambitious, friendly, well-mannered, and most importantly, pleasant. He works long hours with no complaint, and is always eager and energetic with a helping hand and a smile. He has a very engaging personality that puts one at ease and instills in one a sense of trust and security. On top of that he is quite intelligent, and a very principled man, exhibiting good ethics and morals in his beliefs and practices. Integrity and sound character are his strongest assets, I believe.

To anyone contemplating this man for employment or other association, I would say to him or her to pick up the phone immediately and hire him before someone else does.

Sincerely,

David M. Henderson
Pilot, American Airlines
cptdave01@yahoo.com
614-783-8780

December 1, 2014

Re: Letter of Reference for Mr. Edward Eaves

To Whom It May Concern:

I am an American Airlines pilot and recently attended several weeks of flight training in Charlotte, NC. While staying at the Hyatt House during my training, Mr. Edward Eaves provided most of my ground transportation needs between the hotel, training center, and the airport.  He was professional, cordial, and informative.

During my stay I got to know Mr. Eaves and found him to be very professional, ambitious, conscientious, dedicated and hard- working.  It was during my stay at the Hyatt House that Mr. Eaves shared his desire for justice and to help others, thus his quest to attend law school.

To that end, and knowing Mr. Eaves personally and professionally I feel as though he would be a tremendous asset to your law program.

Respectfully,

First Officer Steve Provenza
(832) 350-2692 cell

<u>"Very nice hotel. Front desk issues"</u>
Reviewed September 8, 2014

This is a very clean and modern hotel. Eddie the shuttle driver started things off right by telling us about all the features of the hotel and all the food options nearby. The rooms are spacious and the bed is one of the best I have slept on in a hotel. The only complaint is that the front desk doesn't... More
Was this review helpful? Yes
Problem with this review? ☂

<u>HotelGM4920, General Manager at HYATT house Charlotte Airport</u>, responded to this review Thank you for your comments regarding **Eddie. He truly is a hospitality professional and it shows daily in his interaction with guests**. I will be sure to pass along your kind words. I apologize for any issues regarding the phones. We are in the process of converting to a new answering system, which should greatly help the call volume at... More

<u>"Remarkable Employee"</u>
Reviewed July 30, 2014

This hotel was experiencing some growing pains during my visit (opening new lobby bar and grill, remodeling), but what made it exceptional was the friendly and polite personal service my traveling companion and I received, notably, from the hotel's van driver, Eddie Eaves, who picked us up from the airport and went of his way to take good care of us throughout our stay. He not only drove us to a nearby restaurant when we arrived at the hotel hungry, he suggested a restaurant featuring the some of the tastiest southern cooking I've ever had. Having arrived a few days before the Alpha Kappa Alpha Sorority, Inc. convention started, Eddie helped my roommate and I get a feel for the town by driving us to the nearest train stop and taking the time to show us how purchase our fare tickets. He even made sure that there'd be a hotel van waiting for us when we got back from our Uptown/Epicenter adventure. He answered all of our questions with a smile and, I'm convinced, made our trip experiences superior to those of other convention attendees.. .

<u>HotelGM4920, General Manager at HYATT house Charlotte Airport</u>, responded to this review, August 2, 2014 We loved having AKA with us this year. What a pleasure to host such a fabulas group of women. I do apologize for some minor inconveniences while you were here. Remodeling does not always go quite as planned when you discover some unexpected challenges. We had hoped to have our HBar and lobby areas complete before your group arrived. The Bar was open, but we needed to complete some carpeting work. Our renovation of guest rooms is complete, the bar is up and

running and we are just putting a couple of finishing touches on the building to make your house into an even better home. **Thank you for sharing your comments about Eddie.** I will be sure to pass those along. Our entire team is dedicated to making every stay the very best possible. Welcome Home! Sincerely, Clifford Weber, General Manager

**Additional Feedback on Overall Stay**

Customer service was fabulous especially Eddie the shuttle driver. He had great suggestions for dinner, informed us of the area and took very good care of us the whole weekend. We were traveling with a soccer team consisting of 17 girls and all the girls loved him. Give Eddie a raise, he deserves it!!!

**One Thing to Improve**

The locks on the outside doors were broken. little scary when you have 17 twelve year olds walking around the hotel. There were two security guards on duty the whole night which made us all feel better about the situation.

**Comment about Internet**

Awful reception except when you went outside.

**Comment about the SHUTTLE SERVICE**

It was awesome. I loved that I didn't have to get back in my car to drive to a restaurant.

**Comment on Staff Interaction**

As I indicated before, I thought Eddie went out of his way to make our stay perfect. Melissa was great too.

**Overall food and beverage comment**

There wasn't any food at the sip and savor bar.

Way to go!

See all 5 reviews by Adrianne H for Charlotte
Ask Adrianne H about HYATT house Charlotte Airport

This review is the subjective opinion of a TripAdvisor member and not of TripAdvisor LLC.

HotelGM4920, General Manager at HYATT house Charlotte Airport, responded to this review, August 2, 2014

We loved having AKA with us this year. What a pleasure to host such a fabulas group of women. I do apologize for some minor inconveniences while you were here. Remodeling does not always go quite as planned when you discover some unexpected challenges. We had hoped to have our HBar and lobby areas complete before your group arrived. The Bar was open, but we needed to complete some carpeting work. Our renovation of guest rooms is complete, the bar is up and running and we are just putting a couple of finishing touches on the building to make your house into an even better home. Thank you for sharing your comments about Eddie. I will be sure to pass those along. Our entire team is dedicated to making every stay the very best possible. Welcome Home! Sincerely, Clifford Weber, General Manager

Report response as inappropriate
This response is the subjective opinion of the management representative and not of TripAdvisor LLC.



gingerflowers
Oak Ridge, North Carolina

Amex Traveler

**Top Contributor**

107 reviews

30 hotel reviews

Reviews in 35 cities

41 helpful votes

### *"Perfection again"*
Reviewed July 21, 2014

Can't Say Enough About this hotel. We stayed one night, in order to 'park n fly". Check in was a breeze. The pool was clean and had plenty of seating and shade. Employees always friendly and ingormative. They recommended dinner at the soul restaurant. Go there! Beds are comfy, rooms are spacious. Breakfast was on the go as we had an early morning Int flight. Just a few mns to the airport. Makes me want to stay the night when i go pick someone up at CLT lol, always such a great stay.

Stayed June 2014, traveled with family

Less

Was this review helpful? [ Yes ]

See all 4 reviews by gingerflowers for Charlotte
Ask gingerflowers about HYATT house Charlotte Airport

This review is the subjective opinion of a TripAdvisor member and not of TripAdvisor LLC.

HotelGM4920, General Manager at HYATT house Charlotte Airport, responded to this review, July 22, 2014

I'm glad your experience with us was top notch. From our pool, patio and BBQ area to the complimentary breakfast, shuttle service and our new HBar, our team loves to provide the very best in service and accommodations. Thank you for continuing to stay with us each time your travels bring you to Charlotte. We look forward to it. Welcome back, and Welcome Home! Cliff Weber, General Manager

Report response as inappropriate
This response is the subjective opinion of the management representative and not of TripAdvisor LLC.



novellampage
Antioch, Tennessee

### *"Alpha Kappa Alpha Boule 2014"*
Reviewed July 17, 2014

Everything was absolute "pearlfect"! We were able to check in early with absolutely no hassle. The kitchenette gave the presence of being at

opening question, but the context made me feel like I was a salesman or delivery a pizza or something, as opposed to someone who has a reservation. After surprising her, apparently, with the fact that I have a reservation, she proceeded to hit me up, in a matter of fact way, a "pet fee". Pet fee and parking are now the "baggage fees" for hotels..The money goes to the bottomline. In this case, $75/day. For that, my standard Poodle should have had his own room. How about a child fee? That makes more sense to me. As the casual traveler knows, Kids create more havoc and do more damage than any poodle. Glad I'm staying only one night, yet it's irritating, but there's more to come.

Unlike the check-in, there were some staffers that seemed happy to see us. One of the guys, Eddie, took an interest in my Standard Poodle and others did not hesitate to acknowledge us.
However, The stay really got out of hand on the morning we were leaving. After a leisurely morning, I made a call to the front about whether breakfast was available. At that point, they notified me "breakfast was included" in our stay. WHAT?! Nobody said that at check in. To the credit of the person on the phone, since the buffet had closed, she "set aside cereal and bagels".

OK, I can handle that, so my wife and I walked down to the lobby to pick up our breakfast. A funny thing happened when we got to the front, the buffet was full of items ready for a "photo shoot".
As we walked up, we were confronted by the manager, "buffet ends at 9:30", he says in smattering of fact way. OK, I asked "why weren't we told this at check-in".
He says in a condescending way," buffet ends at 9:30....it's on our website"
I say: "your front desk should be as diligent about disclosing breakfast as they are about the Nickel and dime fees"
"What do you mean?", he asks, looking down his nose
"Pet fees!", I exclaim.
Defensively, he says, "those fees are on our website"
"$75/day!" I exclaim.
Perhaps, I over reacted to the managers attitude, but I was overwhelmed by the audacity of the manager in trying to brush me off so he could go to his photo shoot.
At this point, the manager got defensive about his staffs lack of service and my challenge to him that he was being insulting and condecending. There's more. I shared an experience with the manager of my wife with the front desk the previous night. This happened while I was doing business in Charlotte, my wife discovered NO TOILET paper in our suite. First of all, you don't have to go to a website to determine that toilet paper is a given in servicing a room on a day to day basis. The manager wasn't impressed. I continued the story, hoping to convince the guy he has a problem. My wife called the front desk to request toilet paper and they said "no problem, but we're busy and you'll need to come to the front and pick up a roll". She walks up to the front and it turns out that there are 4 staffers yuking it up around the front desk. This is certainly an example of laziness.
No sympathy from the manager, he started rationalizations the bad behavior of his staff. It's now coming clear to me, staff is a reflection of management.
We continue to go back and forth in the open lobby and now the guy is being obstinate and bating me. He referenced the website a couple more times and I kindly reminded him that it's not my responsible for the content of the Hyatt website. He couldn't come to grips with that concept, assuming all guests could recite Hyatt policy word for word.
First of all, the punchline of this stay is that I was staying on Hyatt Gold Passport Points. So, I may not know the website word for word, but I know the treatment of pets and guest policy are different at other properties in the Hyatt portfolio.
He continues, "I don't know of any hotel that serves breakfast after 9:30" I suggested he do more research on the subject and he proceeded to insult my travel experience. On this point, I would refer the reader to the left margin. I've done hundreds of reviews on Trip Advisor, and I'm no "nick", when it comes to travel. So, now he's being a jerk.
That's all I could handle, I left disturbed by the conversation and the fact that the person who runs this property was unreachable and in denial



BOOK SOME LUCKY

Harrah's
CHEROKEE
CASINO RESORT

JOIN US >

**Viewed hotels**         Delete all

HYATT house Charlotte Airport
*151 Reviews*

**Baymont Inn & Suites®**
www.baymontinns.com/Charlotte  Stay 3 Nights & Save 20%. Book Your Stay At The Official Site Today.

**Charlotte NC Hotels**
www.expedia.com/Charlotte_NC_Hotels  Expedia Guarantees the Best Price. Save on Hotels in Charlotte, NC.

**Omni Charlotte Hotel**
www.omnihotels.com/Charlotte  Stay in Luxury near Charlotte's Epicentre. Book on Official Site!

**Downtown Charlotte Hotels**
www.booking.com/Downtown-Charlotte  Best price guarantee! Book a Hotel in Downtown Charlotte

Sponsored links *

**Explore Charlotte**

Charlotte Bed and Breakfast

Charlotte Hotel Deals

Charlotte maps

Charlotte Airport Hotels

Hotels near Queens University of Charlotte



Report response as inappropriate
This response is the subjective opinion of the management representative and not of
TripAdvisor LLC.



Deborah H
Asheville, North Carolina
1 review

*"Excellent hotel!"*
Reviewed 5 weeks ago

This hotel is my pick for every trip to Charlotte. It is located close to the
airport, shopping and restaurants. The newly renovated lobby with bar
and grill is comfortable and welcoming. The staff are all friendly, helpful
and professional. I would highly recommend this hotel.

Stayed July 2014, traveled on business

| Value | Cleanliness |
| | Service |

Was this review helpful? [Yes]

Ask Deborah H about HYATT house Charlotte Airport

This review is the subjective opinion of a TripAdvisor member and not of TripAdvisor LLC.

**HotelGM4920, General Manager at HYATT house Charlotte Airport, responded
to this review, 3 weeks ago**

Thank you for your continued patronage of our hotel. Everyone here from the shuttle
drivers to Room Attendants work hard each day to ensure we are providing the best
in service and accommodations. I am pleased to hear that we are your hotel of
choice when visiting the Charlotte area. Our new HBar has been very well received.
Unfortunately, we had to wait for the bar to be built in order to move forward with our
full liquor license, so that is in process. Welcome back, and WELCOME HOME! Cliff
Weber, General Manager

Report response as inappropriate
This response is the subjective opinion of the management representative and not of
TripAdvisor LLC.



Adrianne H
Skokie, Illinois
Reviewer
5 reviews

*"Remarkable Employee"*
Reviewed July 30, 2014

This hotel was experiencing some growing pains during my visit
(opening new lobby bar and grill, remodeling), but what made it
exceptional was the friendly and polite personal service my traveling
companion and I received, notably, from the hotel's van driver, Eddie
Eaves, who picked us up from the airport and went of his way to take
good care of us throughout our stay. He not only drove us to a nearby
restaurant when we arrived at the hotel hungry, he suggested a
restaurant featuring the some of the tastiest southern cooking I've ever
had. Having arrived a few days before the Alpha Kappa Alpha Sorority,
Inc. convention started, Eddie helped my roommate and I get a feel for
the town by driving us to the nearest train stop and taking the time to
show us how purchase our fare tickets. He even made sure that there'd
be a hotel van waiting for us when we got back from our
Uptown/Epicenter adventure. He answered all of our questions with a
smile and, I'm convinced, made our trip experiences superior to those of
other convention attendees.. .

**Room Tip:** Wifi signal is weak in spots; best access is in hotel lobby,
near guest-use computers.
See more room tips

Stayed July 2014, traveled with friends

| Value | Cleanliness |
| | Service |

Less

Was this review helpful? [Yes]

Remarkable Employee"
Reviewed 3 days agoNEW

This hotel was experiencing some growing pains during my visit (opening new lobby bar and grill, remodeling), but what made it exceptional was the friendly and polite personal service my traveling companion and I received, notably, from the hotel's van driver,Eddie Eaves, who picked us up from the airport and went of his way to take good care of us throughout our stay. He not only drove us to a nearby restaurant when we arrived at the hotel hungry, he suggested a restaurant featuring the some of the tastiest southern cooking I've ever had. Having arrived a few days before the Alpha Kappa Alpha Sorority, Inc. convention started, Eddie helped my roommate and I get a feel for the town by driving us to the nearest train stop and taking the time to show us how purchase our fare tickets. He even made sure that there'd be a hotel van waiting for us when we got back from our Uptown/Epicenter adventure. He answered all of our questions with a smile and, I'm convinced, made our trip experiences superior to those of other convention attendees.. .

*Great job!*

*Way to take care of our guests!*

**Additional Feedback on Overall Stay**

Customer service was fabulous especially Eddie the shuttle driver. He had great suggestions for dinner, informed us of the area and took very good care of us the whole weekend. We were traveling with a soccer team consisting of 17 girls and all the girls loved him. Give Eddie a raise, he deserves it!!!

**One Thing to Improve**

The locks on the outside doors were broken. little scary when you have 17 twelve year olds walking around the hotel. There were two security guards on duty the whole night which made us all feel better about the situation.

**Comment about Internet**

Awful reception except when you went outside.

**Comment about the SHUTTLE SERVICE**

It was awesome. I loved that I didn't have to get back in my car to drive to a restaurant.

**Comment on Staff Interaction**

As I indicated before, I thought Eddie went out of his way to make our stay perfect. Melissa was great too.

**Overall food and beverage comment**

There wasn't any food at the sip and savor bar.

Very nice hotel. Front desk issues" 4 STAR
Reviewed 2 days agoNEW

This is a very clean and modern hotel. Eddie the shuttle driver started things off right by telling us about all the features of the hotel and all the food options nearby. The rooms are spacious and the bed is one of the best I have slept on in a hotel.

The only complaint is that the front desk doesn't answer the phone. When we called to be picked up after dinner they didn't answer and after calling twice we walked back. Then the next morning we were calling from the room and again the front desk didn't answer. I highly recommend this hotel in spite of the phone issues. Maybe someone will fix the phones soon.

4920 South Tryon St
844 E. Landing Ridge Circle C-2
Jefferson, N.C. 28640
August 3, 2014

Jacqueline Bedard
Assistant General Manager
Hyatt House
Charlotte Airport
4920 Tryon Street
Charlotte, N.C. 28217

Jacqueline;

I am writing you about Mike Purvis & Eddie the shuttle driver.

Last night we were returning late from Canada, having stayed with you before we left 11 days ago. I called for the shuttle at 11:30PM & Mike told me that the last room that was to be ours had no A/C. He further stated that he would move us to the Crown Plaza at no charge.

Admittedly, I was surprised to find out that in this day & age there were still people who put the customer first and truly cared about the reputation of the company they represent; how refreshing, I thought I'd stepped back in time. Afterwards I discovered he had left a voice mail for us which we didn't get as our phones were off while in the air.

Eddie was so accommodating with the delay with luggage. Eddie is also a fine person who is not only pleasant at a very late hour, but truly an ambassador of good will for your corporation.

You should take pride in these two individuals and find many more like them. I hope you will express our appreciation to both of them.

Sincerely

*Jeremy B Small*

← Eddie -
Way to go Above &
beyond in making
this guest comfortable!

*Remarkable Employee"*
*Reviewed 3 days agoNEW*

This hotel was experiencing some growing pains during my visit (opening new lobby bar and grill, remodeling), but what made it exceptional was the friendly and polite personal service my traveling companion and I received, notably, from the hotel's van driver,Eddie Eaves, who picked us up from the airport and went of his way to take good care of us throughout our stay. He not only drove us to a nearby restaurant when we arrived at the hotel hungry, he suggested a restaurant featuring the some of the tastiest southern cooking I've ever had. Having arrived a few days before the Alpha Kappa Alpha Sorority, Inc. convention started, Eddie helped my roommate and I get a feel for the town by driving us to the nearest train stop and taking the time to show us how purchase our fare tickets. He even made sure that there'd be a hotel van waiting for us when we got back from our Uptown/Epicenter adventure. He answered all of our questions with a smile and, I'm convinced, made our trip experiences superior to those of other convention attendees.. .

*Great job!*

*Way to take care*
*of our guests!*

*Cliff*

Weber, Clifford <clifford.weber@hhmlp.com>

# Customer Care Alert Notification

1 message

**Medallia** <noreply@app.medallia.com>                              Fri, Aug 15, 2014 at 4:50 PM
To: HYATT house Charlotte Airport <cltxc-hysat.gm.alert@hyatt.com>

Your recent guest, Debra Hill ., who arrived on July 11, 2014, received the Guest Satisfaction Survey invitation via email and responded to this email. The guest has not been contacted by our Consumer Affairs team and we leave the communication to your discretion.

Guest Name: ., Debra Hill
Email: drmomaka29@gmail.com
GP Tier:
Hotel: HYATT house Charlotte Airport
Check-in Date: July 11, 2014
Check-out Date: July 19, 2014

Message:
received from: qrs@hyatt.com  Send to QRS/Samar  From: Debra Hill [mailto:drmomaka29@gmail.com] Sent: Tuesday, August 12, 2014 4:17 PM To: QRS Subject: Survey Deadline  Greetings,  I'm sorry I missed the deadline for the survey for my stay at the Charlotte Hyatt House Airport July 12-19, 2014.  I did want to share the incredible service that I received from Eddie who drove the shuttle transportation bus.  From the minute I and many other travelers were picked up from the airport he was a wealth of information about how to travel, the hotel amenities, and things we should look out for and be aware of.  There were over 11,000 professional women attending the Alpha Kappa Alpha Sorority Biannual conference, and I tried to tell all of them about the wonderful and caring service those of us staying at the Hyatt received from Eddie.  He demonstrated a care for our safety, and interest in our organization, and a desire for us to enjoy our stay.  There seemed to be some concern from management that he was spending too much time attending to our group.  It was disheartening to think that he was given a hard time from his supervisor for giving your guests some much needed attention.  Rather than being criticized he should be commended for going above and beyond and providing the service that Hyatt pronounces as their goal.  There were several other members of the staff that were helpful as well and overall I had a wonderful stay.  Please follow up and forward these remarks to the appropriate staff.  Sincerely, Debra A. Hill

Please login to the HySat Reporting Site to view the full details and follow up with the guest using the closed-loop system:
https://login5.medallia.com/sso/hysat/respInvForm.do?surveyid=29077967

Please do not hesitate to contact us if we can be of any assistance.

Your HySat Team
consumerinsights@hyatt.com

This is an automated alert notification, please do NOT reply to this message.

---

The information contained in this communication is confidential and intended only for the use of the recipient named above, and may be legally privileged and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please resend it to the sender and delete the original message and copy of it from your computer system. Opinions, conclusions and other information in this message that do not relate to our official business should be understood as neither given