UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00415-MOC-DCK

| | |
|---|---|
| **EDWARD EAVES,** | ) |
| Plaintiff, | ) ) ) |
| Vs. | ) ) ORDER |
| **UNITED STATES EQUAL EMPLOYMENT,** | ) ) ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's Application to Proceed Without Prepayment of Fees and Affidavit. The court has carefully considered plaintiff's affidavit which shows less than $10,000 in annual income. Review of the Health and Human Services Poverty Guidelines provides that for a household of one person such income is well below the poverty level. See http://www.aspe.hhs.gov/poverty. Plaintiff's IFP application will, therefore, be granted

    **I.**    **Section 1915 Review**

Pursuant to 28 U.S.C. § 1915(e)(2), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from suit. Id. A *pro se* plaintiff's allegations in a complaint are to be liberally construed, and a court should not dismiss an action for failure to state a claim "unless after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir.2003). *Pro se* filings "however unskillfully pleaded, must be liberally construed." Noble v. Barnett, 24 F.3d 582,

1

587 n. 6 (4th Cir.1994).

**II.     Plaintiff's Contentions**

The court has closely considered the substantive allegations of the Complaint and determines that plaintiff seeks issuance of a *writ of mandamus* to compel the EEOC to further investigate his Title VII case against his former employer and collect back wages he believes he is owed.  Plaintiff takes issue with the manner in which the EEOC conducted the investigation, the manner in which it negotiated his claim with his former employer's lawyers, and ultimately with the EEOC's issuance of a "Notice of Right to Sue" letter.  See Plaintiff's Complaint at 19.

The problem with plaintiff seeking mandamus is that it is an extraordinary remedy which is only available when the aggrieved party has no other remedy.  The EEOC, while finding reasonable cause to believe that plaintiff's rights were violated, has decided not to pursue a civil action on plaintiff's behalf after efforts at conciliation failed.  By issuing the Right to Sue letter, plaintiff now has 90 days from receipt of the September 2, 2015, letter to file a civil lawsuit against his former employer.  Thus, plaintiff is not without any remedy and has an opportunity to file a lawsuit bringing his claims against his employer, which he can either bring with the assistance of a lawyer or file *pro se*.

It is well-established that "the remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). "Mandamus is available only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." Fornaro v. James, 416 F.3d 63, 69 (D.C.Cir. 2005) (quoting Power v. Barnhart, 292 F.3d 781, 784 (D.C.Cir.2002)). Mandamus relief "is hardly ever granted ... [because] even if the plaintiff overcomes all these hurdles, whether mandamus relief should issue is discretionary." In re Cheney, 406 F.3d 723, 729

(D.C.Cir.2005) (*en banc* ). The court determines that mandamus is not available to plaintiff based on the allegations of his Complaint.

## II. Conclusion

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss an *in forma pauperis* complaint if "the action . . . (i) is frivolous or malicious" or if the action "(ii) fails to state a claim upon which relief may be granted." A complaint is frivolous "where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. Section 1915(e) gives judges "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," for instance where the claim describes "fantastic or delusional scenarios." Id. at 327–28.

In conducting the frivolousness analysis, the Court of Appeals for the Fourth Circuit instructs that courts should "conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 257 (4th Cir.2004). The Nagy court held further that

> [t]he overriding goal in policing in forma pauperis complaints is to ensure that the deferred payment mechanism of § 1915(b) does not subsidize suits that prepaid administrative costs would otherwise have deterred. In implementing that goal, district courts are at liberty to consider any factors that experience teaches bear on the question of frivolity.

Id. As discussed above, a complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke, 490 U.S. at 325.

The court has also considered whether plaintiff states a viable claim under § 1915(e)(2)(B)(ii), notwithstanding the fact that the claims are frivolous based on the totality of the circumstances surrounding this matter. Even though the court has applied the most liberal

3

pleading standards to plaintiff's Complaint, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), the Complaint fails because it does not adequately state facts, which, if later proven to be true, would support the legal allegations of the complaint, or any other cognizable claim. While plaintiff makes sweeping claims of bureaucratic misconduct which plaintiff believes is unlawful, his allegations are conclusory and do not allege enough specific facts to "raise a right to belief above the speculative level" or to satisfy this court that the claim for relief is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-557 (2007).

After a careful review, the court concludes that the asserted claim for mandamus is frivolous as a matter of law and based on a totality of the circumstances surrounding this matter. Indeed, if this court were to allow this action to proceed further, plaintiff could well be lulled into letting the 90 day deadline for filing a civil action against his employer (the real party in interest) lapse.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Proceed *In Forma Pauperis* (#2) is **GRANTED**, and the Complaint may be filed without prepayment of the filing fee or giving security therefor.

The issuance of process and service thereof is **CANCELLED,** and this action is **DISMISSED** as frivolous under §1915(e)(2)(B)(i) and for failure to state a claim under § 1915(e)(2)(B)(ii). Such dismissal is without prejudice as to filing a civil action against his former employer.

**Plaintiff is advised that he has 90 days from his receipt of the Notice of Right to Sue**

to file a civil action against his former employer. The filing and dismissal of this action has no impact on that right or the deadline. Plaintiff is advised to seek legal assistance from an attorney.

Signed: September 16, 2015

Max O. Cogburn Jr
United States District Judge